UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| F.H., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WEST MORRIS REGIONAL HIGH SCHOOL BOARD OF EDUCATION,<br><br>Defendants. | Civil Action No.<br><br>19-14465 (SDW) (LDW)<br><br>**REPORT AND RECOMMENDATION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court is plaintiffs' motion on behalf of their daughter J.H. to remand this action to the Superior Court of New Jersey, Law Division, Morris County. (ECF Nos. 4, 8). Defendant West Morris Regional High School Board of Education ("West Morris") opposes the motion. (ECF No. 7). The Honorable Susan Davis Wigenton, U.S.D.J., referred the motion to the undersigned for a Report and Recommendation. Having considered the parties' written submissions, the undersigned respectfully recommends that the motion to remand be **DENIED**.

I.     **BACKGROUND**

Plaintiffs filed a due process petition with the New Jersey Department of Education in October 2017 challenging disability accommodations for J.H. (Compl. ¶ 74, Exh. A, ECF No. 1). J.H. is allegedly disabled and suffers from "school related anxiety, school phobia, and an extreme noise sensitivity." (*Id.* ¶ 18). An Administrative Law Judge, after conducting a due process hearing, dismissed the petition. (*Id.* ¶ 77).

Availing themselves of their right to appeal that decision, plaintiffs filed suit in the Law Division of the Superior Court of New Jersey, Morris County in May 2019. (Warshaw Decl. ¶ 7,

ECF No. 4-1). The Complaint asserts claims under two federal statutes: the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* (Compl. ¶¶ 84, 112).[1]

Plaintiffs served West Morris with the initial Summons and Complaint on June 4, 2019. (Warshaw Decl. ¶ 8). On June 25, 2019, West Morris began to deliver the Notice of Removal and accompanying papers to plaintiffs' counsel, this Court and the Superior Court by various electronic and hard-copy means. (*See* Howlett Decl., ECF No. 7-1). Specifically, the papers were served and filed as follows: they were filed electronically in the Superior Court on June 25, 2019 (Warshaw Decl. ¶ 10; ECF No. 4-4 at ECF p. 11; ECF No. 7-1 at ECF p. 13); they were served on plaintiffs' counsel by email on June 25, 2019 and in hard copy on June 26, 2019 (Howlett Decl. ¶ 4 & Exh. C); and they were delivered in hard copy to the Clerk of this Court on June 26, 2019 (ECF No. 7-1, Exh. A). This Court docketed the removal papers on June 27, 2019. (ECF No. 1). Plaintiffs filed the instant motion to remand on July 26, 2019. (ECF No. 4).

## II. DISCUSSION

Plaintiffs seek remand on essentially two grounds. First, plaintiffs contend that there was a procedural defect in removal because West Morris filed the removal papers in the state court and served plaintiffs with the papers before they were filed in the District Court. Second, plaintiffs appear to argue that the removal violates the principle that the federal court does not enjoy exclusive jurisdiction over IDEA claims.

---

[1] Plaintiffs report that they filed an Amended Complaint asserting only an IDEA claim in the Superior Court on June 27, 2019 (Warshaw Decl. ¶ 15 & Exh. 5), which would have been after they had been served with notice that the action had been removed to this Court. (*See* ECF No. 7-1, Exh. C). That amended pleading is not before the Court, and it would not affect the outcome of this motion in any event.

2

A.     **Plaintiffs' Procedural Challenge to Removal**

The Court first addresses plaintiffs' argument that remand is required by a defect in the removal procedure.[2] Plaintiffs contend that 28 U.S.C. § 1446(d) required defendant to file in the state court a notice of removal only *after* it had been filed in the federal court. Here, as detailed above, it does seem that filing of the removal papers in the Superior Court was completed before the Notice of Removal was filed and docketed in this Court.

Section 1446(d) provides:

Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties, and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless the case is remanded.

28 U.S.C. § 1446(d). This Court has previously described this statute as requiring a removing party to complete three procedural steps to "effect the removal" of an action to a United States District Court: (1) filing a notice of removal in federal court; (2) giving written notice to all adverse parties; and (3) filing a copy of the notice with the clerk of the state court. *See, e.g., Westfield Ins. Co. v. Interline Brands, Inc.*, No. Civ. 12-6775 (JBS/JS), 2013 WL 1288194, at *2 (D.N.J. Mar. 25, 2013). In this case, it is undisputed that all three of these steps were completed within the thirty-day removal period.

Thus, the result of the motion turns upon whether the order in which the removing defendant completed these steps is prescribed by statute and constitutes a defect compelling remand if not followed. In pressing this argument, plaintiffs rely solely on the statutory language

---

[2]     Although there are numerous procedural requirements for removal, the Court addresses only those allegedly not complied with by defendant in removing the action from state court. Any other defects not raised in a timely motion to remand, excepting subject matter jurisdiction, are waived. *See* 28 U.S.C. § 1447(c); *Medlin v. Boeing Vertol Co.*, 620 F.2d 957, 960 (3d Cir. 1980) (failure to object within 30 days of removal waives procedural defects).

3

directing that "[p]romptly *after* the filing of such notice of removal," a defendant "shall give written notice thereof to all adverse parties, and shall file a copy of the notice with the clerk of such State court." 28 U.S.C. § 1446(d) (emphasis added).

Even assuming *arguendo* that the statute calls for that order of procedural events, this Court views the failure to proceed in that precise order as a technical, non-prejudicial defect that does not justify remand. That is what the court found in denying remand in *Poly Products Corp. v. AT & T Nassau Metals, Inc.*, 839 F. Supp. 1238 (E.D. Tex. 1993), when faced with a nearly identical situation in which the removing party filed the removal papers in state court before filing them in the federal court. The court there, concluding "filing notice is ministerial," denied the remand motion. *Id.* at 1240. A host of other courts similarly have denied motions to remand that were based upon minor procedural defects in removal. *See Countryman v. Farmers Ins. Exch.*, 639 F.3d 1270 (10th Cir. 2011) (finding failure to attach summons is *de minimis* procedural violation not requiring remand); *Mitskovski v. Buffalo, Ft. Erie, Bridge Auth.*, 435 F.3d 127, 131–33 (2d Cir. 2006) (holding violation of local civil rule that requires index of state court filings to be filed with removal petition is minor procedural defect insufficient to warrant remand); *Rocha v. Brown & Gould, LLP*, 61 F. Supp. 3d 111, 113-14 (D.D.C. 2014) (denying motion to remand based on failure to attach all of state court records to removal papers on grounds it constituted *de minimis* procedural defect). The removal defect alleged here, if it indeed constitutes a defect, falls within that persuasive line of authority. It is therefore recommended that the motion to remand based upon this purported procedural defect be denied.

**B.     Plaintiffs' Jurisdictional Challenge to Removal**

The Court next addresses plaintiffs' argument that "there is no federal preemption" over their IDEA claims because that statute provides that an aggrieved party may file suit in either state

4

or federal court. (See ECF No. 4-2 at 4-5). Although couched in terms of preemption, the Court understands from the context of plaintiffs' briefing that they are arguing that this Court does not have exclusive jurisdiction over IDEA claims. They contend that this lack of exclusive jurisdiction somehow makes removal of such claims improper.

Plaintiffs' argument misses the mark, however, as this Court need not have exclusive jurisdiction over IDEA claims for removal to be proper; defendant need only show that the Court has subject matter jurisdiction over the removed case. *Kline v. Security Guards, Inc.*, 386 F.3d 246, 251 (3d Cir. 2004). Here, plaintiffs assert causes of action under two federal statutes, IDEA, 20 U.S.C. § 1400 *et seq.* and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* As defendant correctly notes, the Court has original jurisdiction over IDEA claims under 20 U.S.C. § 1415(i)(2)(A) & (3)(A) and would also seem to have federal question jurisdiction over the Rehabilitation Act claim under 28 U.S.C. § 1331. Moreover, the existence of concurrent federal and state jurisdiction over IDEA claims does not preclude their removal to federal court. *See Fayetteville Perry Local Sch. Dist. v. Reckers*, 892 F. Supp. 193, 196-97 (S.D. Ohio 1995). Therefore, it is respectfully recommended that remand not be ordered for lack of jurisdiction.

### III. CONCLUSION

For the foregoing reasons, the Court recommends that plaintiff's motion to remand be **DENIED**. The parties are hereby advised that, pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, they have 14 days after being served with a copy of this Report and Recommendation to serve and file specific objections to the Honorable Susan D. Wigenton, U.S.D.J.

Dated: October 30, 2019

*/s/ Leda Dunn Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge

Original: Clerk of Court
cc: Hon. Susan D. Wigenton, U.S.D.J.