

**State of New Jersey**
OFFICE OF ADMINISTRATIVE LAW

**PRE-HEARING ORDER**
OAL DKT. NO. EDS 10706-17
AGENCY DKT. NO. 2017 26311

**E.H. AND M.H. ON BEHALF OF ~~J.J.~~, J.H.** [away]
    Petitioner,

v.

**WEST MORRIS REGIONAL HIGH SCHOOL BOARD OF EDUCATION,**
    Respondent.

---

1. **NATURE OF PROCEEDING AND ISSUES TO BE RESOLVED:**

   The hearing shall be limited to the issues raised in the pleadings.

2. **PARTIES AND THEIR DESIGNATED ATTORNEYS OR REPRESENTATIVES:**

   For Petitioners:
   Julia Warshaw, Esq.
   Warshaw Law Firm, LLC
   266 King George Rd, Suite C2
   Warren, NJ 07059
   973-433-2121

   For Respondent:
   Jodi S. Howlett, Esq.
   Cleary, Giacobbe, Alfieri & Jacobs
   5 Ravine Drive
   Matawan, NJ 07747
   732-583-7474

   No change in designated trial counsel shall be made without leave of the administrative law judge if such change will interfere with the date for hearing.

3. **SCHEDULE OF HEARING DATES, TIME AND PLACE:**

The hearing is scheduled for **February 26, 2018, April 6 and April 9, 2018, at 9:00 a.m.**, at the Office of Administrative Law, 33 Washington Street, Newark, New Jersey. The parties and attorneys have agreed to these dates and they are considered preemptory.

No adjournments will be granted except in strict accordance with the requirements of N.J.A.C. 1:1-9.6, N.J.A.C. 1:6A-9.2 and 34 CFR 300.515(c) and upon a showing of good cause. The parties understand that any adjournment constitutes an extension of time in accordance with 34 CFR 300.5.5(c) and the deadline for decision will be extended for an amount of time equal to the adjournment. N.J.A.C. 1:6A-9.2

4. **STIPULATIONS:**

Counsel shall confer and stipulate to the admissibility of as many documents as possible. Such documents will typically include much of the contents of the student's school file; such as IEPs, evaluations, notices of meetings, and other correspondence. All such documents will be prepared into one or more, as needed, evidence binder(s) with numbered joint exhibit designations (J-1, J-2 etc.) A table of contents shall be prepared and presented with the binder(s) on the first hearing date, as well as electronically delivered to me. Use of the "J" designation merely evidences counsels' agreement that the document is authentic and relevant. Counsel retains the right to challenge any facts set forth in a particular document, or elaborate on or clarify the content of any document through testimony.

No party will be precluded from seeking to use and/or admit additional documents at the hearing. The parents shall use petitioner (P-1, P-2 etc.) designations and the Board of Education shall use respondent (R-1, R-2 etc.) designations.

2

In light of the requirements above, the judge **shall not** receiving duplicate documents; any documents that appear in both petitioner's and respondent's evidence binder should have been included in the joint exhibit binder.

5.  **SETTLEMENT:**

If a settlement is reached prior to the hearing, immediate notice should be forwarded to the judge, followed by a stipulation of settlement or agreement signed by all parties and containing the terms of settlement to be included in a Final Decision.

6.  **DISCOVERY AND DATE FOR COMPLETION:**

Each party shall disclose to the other party any documentary evidence and summaries of testimony intended to be introduced at the hearing. This exchange of information shall be completed no later than five (5) days prior to the commencement of the hearing. Upon application of a party, the judge shall exclude any evidence at hearing that has not been disclosed to that party at least five business days before the hearing, unless the judge determines that the evidence could not reasonably have been disclosed within that time. See: N.J.A.C. 1:6A-10.1.

Any discovery concerns will be informally and immediately brought to the attention of the judge via a request for a telephone conference, but in no event later than five (5) days prior to the start of the hearing.

All expert reports must be produced when received, but in no event later than five days prior to the commencement of the hearing. Any reports not so produced will be excluded.

7.  **ORDER AND PRESENTATION OF PROOFS:**

The school district shall have the burden of proof and the burden of production, in accordance with N.J.S.A. 18A:46-1.1.

3

Once admitted into evidence, an expert report speaks for itself. On direct examination expert testimony should be limited to highlighting critical aspects of the report; reading of the report into the record shall not be permitted.

## 8  EXHIBITS MARKED FOR IDENTIFICATION AND EVIDENCE

No exhibit will be marked for identification or introduced into evidence at the hearing unless a copy is provided to the judge and each other party. All parties are to pre-mark exhibits for identification. A master list of documents shall be provided via hard copy at the commencement of the hearing. If a party intends to introduce more than ten documents, they will be supplied in a three-ring binder, containing index separators with tabs and a table of contents. A separate set of evidence binders shall be made available for the use of witnesses. These requirements will be strictly enforced.

## 9.  FACT AND EXPERT WITNESSES:

| For Petitioner | For Respondent |
| --- | --- |
| Six | Five |

## 10.  MOTIONS/PLEADINGS:

Motions to exclude evidence or witnesses based on a failure to disclose documentary evidence and summaries of testimony intended to be introduced at the hearing shall be filed no later than five (5) business days prior to the start of the hearing. The judge shall exclude any evidence at hearing that has not been disclosed to that party at least five business days before the hearing, unless the judge determines that the evidence could not reasonably have been disclosed within that time. See: N.J.A.C. 1:6A-10.1.

All other motions, including motions to exclude evidence or witnesses based on a failure to provide discovery, shall be filed no later than five (5) days prior to the start of the hearing.

Petitioner anticipates filing a stay put motion.

August 11, 2017
DATE

THOMAS R. BETANCOURT, ALJ