# CLEARY █GIACOBBE █ALFIERI █JACOBS LLC

JODI S. HOWLETT, Partner
jhowlett@cgajlaw.com

Reply to: Matawan Office

November 27, 2017

**Via Federal Express**
Honorable Thomas R. Betancourt, ALJ
Office of Administrative Law
State of New Jersey
33 Washington Street
Newark, New Jersey 07102

Re:     F.H. and M.H. o/b/o J.H. v. West Morris Regional High School District Board of Education
        OAL Dkt. No.: EDS 10706-2017
        Agency Ref. No.: 2017-26311
        **RESPONDENT'S ANSWER TO THE AMENDED PETITION FOR DUE PROCESS**

Dear Judge Betancourt:

As the Court is aware, this firm represents Respondent West Morris Regional High School District
Board of Education ("Board") in the above-referenced matter.

In accordance with Your Honor's Order dated November 14, 2017, enclosed please find Respondent's
Answer to the Amended Petition for Due Process. Also enclosed is a Certification of Service.

Please feel free to contact me with any questions.

Respectfully submitted,

Jodi S. Howlett
Encl.

cc:     Julie Warshaw, Esq., counsel for Petitioners (via Federal Express)

---

955 State Route 34
Suite 200
Matawan, NJ 07747
Tel 732 583-7474
Fax 732 290-0753

169 Ramapo Valley Road
Upper Level 105
Oakland, NJ 07436
Tel 973 845-6700
Fax 201 644-7601

www.cgajlaw.com

CLEARY GIACOBBE ALFIERI JACOBS, LLC
955 Route 34
Suite 200
Matawan, New Jersey 07747
(732) 583-7474
(732) 566-7687
Attorneys for Respondent
West Morris Regional High School District Board of Education

| F.H. and M.H. o/b/o J.H., | OFFICE OF ADMINISTRATIVE LAW |
|---|---|
| Petitioners, | STATE OF NEW JERSEY |
| | Agency Ref. No.: 2017/26311 |
| v. | OAL Dkt. No.: EDS 10706-17 |
| WEST MORRIS REGIONAL BOARD OF EDUCATION, | **RESPONDENT'S ANSWER TO THE AMENDED PETITION OF APPEAL** |
| Respondent. | |

The Board of Education of the West Morris Regional High School District, 10 South Four Bridges Road, Chester, New Jersey 07930 (hereinafter referred to as the "Respondent" or "Board"), is the Respondent in the above-captioned matter. In response to Petitioners' Amended Petition for Due Process, and this Court's Order issued November 14, 2017, the Board says as follows:

1.      Respondent admits that there is currently a due process action pending before the Honorable Thomas R. Betancourt, ALJ, assigned OAL Dkt. No. EDS 10706-17, and Agency Ref. No. 2017/26311.

2.      Respondent admits that, in response to Petitioners' request for independent educational evaluations, the Board has received a psychoeducational assessment report from Natalie Schuberth, Psy.D., BCBA-D, and a psychiatric assessment report from Ellen M. Platt, D.O. following Petitioners' filing of their initial petition for due process.

3.     Respondent admits that it received correspondence concerning J.H.'s placement at Purnell School.   Respondent states that the remainder of Paragraph 3 contains no factual allegations against Respondent and, as such, Respondent neither admits nor denies same and leaves Petitioners to their proofs.  To the extent that Paragraph 3 contains allegations against Respondent, the Board denies same.

4.     Respondent states that Paragraph 4 contains no factual allegations against Respondent and, as such, Respondent neither admits nor denies same and leaves Petitioners to their proofs.  Notwithstanding, Respondent admits that J.H. is an eleventh (11th) grade student. Respondent further notes that Dr. Platt's report indicates that J.H. meets the DSM-V criteria for: H/O Major Depressive Disorder, recurrent episode, moderately severe (with irrational thinking); H/O Generalized Anxiety Disorder; H/O Panic Disorder; School Avoidance; Specific Learning Impairment in Mathematics, specifically with fluent calculation, moderate; H/O Major Depressive Disorder, recurrent, severe, without psychotic features; R/O Central Auditory Processing Disorder; and R/O Agoraphobia.  Additionally, Respondent notes that Dr. Schuberth's report indicates that J.H. meets the criteria for the following diagnoses: Specific Learning Disorder with impairment in mathematics, specifically with fluent calculation, moderate; Major Depressive Disorder, recurrent episode, moderate; and Generalized Anxiety Disorder.

5.     Respondent states that Paragraph 5 contains no factual allegations against Respondent and, as such, Respondent neither admits nor denies same and leaves Petitioners to their proofs.  To the extent that Paragraph 5 contains allegations against Respondent, the Board denies same.

6.     Respondent states that Paragraph 6 contains no factual allegations against Respondent and, as such, Respondent neither admits nor denies same and leaves Petitioners to

their proofs. To the extent that Paragraph 6 contains allegations against Respondent, the Board denies same. Notwithstanding, Respondent notes that J.H. attended school on December 7, and December 8, 2016.

7.      Respondent admits that it provided J.H. with home instruction services commencing on or about October 24, 2016. To the extent that Paragraph 7 contains additional allegations against Respondent, the Board denies same.

8.      Respondent admits that it provided J.H. with home instruction services commencing on or about October 24, 2016. To the extent that Paragraph 8 contains additional allegations against Respondent, the Board denies same.

9.      Respondent admits that, on or about January 3, 2017, the Board received a Special Education Referral form signed by Petitioners. To the extent that Paragraph 9 contains additional allegations against Respondent, the Board denies same.

10.     To the extent that Paragraph 10 contains factual allegations against Respondent, the Board denies same. Respondent further notes that J.H.'s health care providers at ICCPC, Melissa Dolgos, LAC, Senior Clinician, and Shankar Srinivasan, M.D., Program Psychiatrist, recommended that J.H. be placed into a therapeutic school environment to continue progressing with her anxiety, depression, and function in school.

11.     Respondent states that Paragraph 11 contains no factual allegations against Respondent and, as such, Respondent neither admits nor denies same and leaves Petitioners to their proofs. Respondent further states that it is merely Petitioners' opinion that J.H. is not in need of a therapeutic school setting.

12.     Respondent admits that, on April 6, 2017, the Board classified J.H. was eligible for special education and related services under the criteria of Emotionally Disturbed pursuant to

N.J.A.C. 6A:14-3.5(c)(4). Respondent notes that Petitioners consented to J.H. being classified as Emotionally Disturbed and, on April 6, 2017, Petitioners executed the Eligibility Determination Report stating same. To the extent that Paragraph 12 contains additional allegations against Respondent, the Board denies same.

13.    Respondent denies that J.H. meets the criteria for classification as "Other Health Impaired" pursuant to N.J.A.C. 6A:14-3.5 or the Individuals with Disabilities in Education Act ("IDEA") regulations, specifically 34 C.F.R. § 300.8. Respondent further notes that it is unaware of the existence of a DSM-V diagnosis of "emotionally disturbed," as that term refers to a classification category under N.J.A.C. 6A:14-3.5 and 34 C.F.R. § 300.8. Lastly, Respondent cannot respond to the additional allegations contained in Paragraph 13 as Petitioners do not identify to what the "report from ICPC (sic)" refers.

14.    Respondent denies that J.H. meets the criteria for classification as "Other Health Impaired" pursuant to N.J.A.C. 6A:14-3.5 or 34 C.F.R. § 300.8. Respondent notes that N.J.A.C. 6A:14-3.5 states: "'Other health impaired" corresponds to "chronically ill" and means a disability characterized by having limited strength, vitality or alertness, including a heightened alertness to with respect to the educational environment, due to chronic or acute health problems, such as attention deficit disorder or attention deficit hyperactivity disorder, a heart condition, tuberculosis, rheumatic fever, nephritis, asthma, sickle cell anemia, hemophilia, epilepsy, lead poisoning, leukemia, diabetes or any other medical condition, such as Tourette syndrome, that adversely affects a student's educational performance. A medical assessment documenting the health problem is required." Respondent further denies that it failed to appropriately classify J.H. or offer J.H. an appropriate educational placement that meets her unique academic, social, emotional, and physical needs.

15.     Respondent admits that, at a meeting on May 16, 2017, it proposed an Individualized Education Program ("IEP") where J.H. would attend the Being Successful Program ("BSP"), an in-district therapeutic program, at West Morris Mendham High School. The IEP also proposed individual counseling services once per week for thirty (30) minutes.

16.     Respondent admits that, due to a typographical error in the IEP, the BSP at Mendham High School is inadvertently referred to as the "Behavioral Supports Program." Respondent denies that Petitioners have never heard of the Being Successful Program and notes that Petitioners observed the BSP at Mendham High School.

17.     Respondent admits that students attending the BSP are offered multiple levels of academics. Respondent denies all other characterizations of the BSP contained in Paragraph 17. Additionally, Respondent notes that the BSP is specifically designed for students struggling to cope with emotional issues and anxiety related to school.

18.     Respondent denies all characterizations of the BSP contained in Paragraph 18. Notwithstanding, Respondent notes that the proposed IEP places J.H. in a number of college preparatory classes, including French 3 and Algebra II.

19.     Respondent denies all characterizations of the BSP contained in Paragraph 19.

20.     Respondent states that paragraph 20 contains no factual allegations against Respondent and, as such, Respondent neither admits nor denies same and leaves Petitioners to their proofs. To the extent that Paragraph 20 contains allegations against Respondent, the Board denies same.

21.     Respondent denies all allegations contained in Paragraph 21.

22.     Respondent admits that, upon information and belief, Purnell School is not a therapeutic school nor is it approved for special education and related services by the State of New

Jersey. To the extent that Paragraph 22 contains additional factual allegations against Respondent, the Board denies same.

23.     Respondent states that Paragraph 23 contains no factual allegations against Respondent and, as such, Respondent neither admits nor denies same and leaves Petitioners to their proofs. To the extent that Paragraph 23 contains allegations against Respondent, the Board denies same. Specifically, Respondent asserts that the proposed IEP provides J.H. with a free, appropriate public education, as required by State and Federal laws.

24.     To the extent that the allegations contained in Paragraph 24 are discernible, Respondent denies same.

25.     To the extent that Paragraph 25 contains factual allegations against Respondent, the Board denies same.

26.     Respondent states that Paragraph 26 contains no factual allegations against Respondent and, as such, Respondent neither admits nor denies same and leaves Petitioners to their proofs. To the extent that Paragraph 26 contains allegations against Respondent, the Board denies same. Specifically, Respondent asserts that the proposed IEP provides J.H. with a free, appropriate public education, as required by State and Federal laws.

27.     Respondent admits that, upon information and belief, Purnell School is not a therapeutic school nor is it approved for special education and related services by the State of New Jersey. Respondent further admits that it rejected Purnell School for placement and asserts that the proposed IEP provides J.H. with a free, appropriate public education, as required by State and Federal laws. To the extent that Paragraph 27 contains additional allegations against Respondent, the Board denies same.

28.   Respondent admits that home instruction is not a "stay put" placement.  To the extent that Paragraph 28 contains additional allegations against Respondent, the Board denies same.

29.   Respondent admits that it granted Petitioners' request for an independent psychoeducational assessment conducted by Dr. Schuberth, and a psychiatric assessment conducted by Dr. Platt.

30.   Respondent states that Paragraph 30 contains no factual allegations against Respondent and, as such, Respondent neither admits nor denies same and leaves Petitioners to their proofs.  To the extent that Paragraph 30 contains allegations against Respondent, the Board denies same.  Notwithstanding, Respondent notes that Dr. Schuberth's diagnoses are based upon the criteria in the DSM-V and not N.J.A.C. 6A:14-3.5 and 34 C.F.R. § 300.8.

31.   Respondent admits that a meeting was not held to discuss the independent assessment reports.  Respondent states that the remainder of Paragraph 31 does not contain factual allegations against Respondent and, as such, Respondent neither admits nor denies same and leaves Petitioners to their proofs.

32.   Respondent states that Paragraph 32 does not contain factual allegations against Respondent and, as such, Respondent neither admits nor denies same and leaves Petitioners to their proofs.  To the extent that Paragraph 32 contains allegations against Respondent, the Board denies same.

33.   Respondent states that Paragraph 33 does not contain factual allegations against Respondent and, as such, Respondent neither admits nor denies same and leaves Petitioners to their proofs.  To the extent that Paragraph 33 contains allegations against Respondent, the Board denies same.

34.     Respondent admits that it received correspondence concerning J.H.'s placement at Purnell School.  Respondent further admits that, upon information and belief, J.H. was accepted to and attends Purnell School.

35.     Respondent states that Paragraph 35 does not contain factual allegations against Respondent and, as such, Respondent neither admits nor denies same and leaves Petitioners to their proofs.  To the extent that Paragraph 35 contains allegations against Respondent, the Board denies same.

36.     Respondent states that Paragraph 36 does not contain factual allegations against Respondent and, as such, Respondent neither admits nor denies same and leaves Petitioners to their proofs.  To the extent that Paragraph 36 contains allegations against Respondent, the Board denies same.

37.     Respondent admits that it notified Petitioners that, without their consent, the proposed IEP would not be implemented and that J.H. would be provided with a 504 Plan in the general education setting.  Respondent denies that it "declassified" J.H.

38.     Respondent admits that a meeting was not held to discuss the independent assessment reports.  Respondent denies that it "declassified" J.H.  Respondent asserts that the remainder of Paragraph 38 contains legal conclusions to which no response is required.

39.     Respondent admits that, on April 6, 2017 (not May 2017), the Board classified J.H. was eligible for special education and related services under the criteria of Emotionally Disturbed pursuant to N.J.A.C. 6A:14-3.5(c)(4).  Respondent denies that it "declassified" J.H.  Respondent asserts that the remainder of Paragraph 39 contains legal conclusions to which no response is required.

40.     Respondent states that Paragraph 40 contains legal conclusions to which no response is required.  To the extent that a response is required, Respondent denies all allegations contained in Paragraph 40 and asserts that the proposed IEP provides J.H. with a free, appropriate public education, as required by State and Federal laws.

41.     Respondent states that Paragraph 41 contains legal conclusions to which no response is required.  To the extent that a response is required, Respondent denies all allegations contained in Paragraph 41 and asserts that the proposed IEP provides J.H. with a free, appropriate public education, as required by State and Federal laws.

42.     Respondent states that Paragraph 42 contains legal conclusions to which no response is required.  To the extent that a response is required, Respondent denies all allegations contained in Paragraph 42 and asserts that the proposed IEP provides J.H. with a free, appropriate public education, as required by State and Federal laws.

43.     Respondent states that Paragraph 43 contains legal conclusions to which no response is required.  To the extent that a response is required, Respondent denies all allegations contained in Paragraph 43 and asserts that the proposed IEP provides J.H. with a free, appropriate public education, as required by State and Federal laws.

44.     Respondent states that Paragraph 44 contains legal conclusions to which no response is required.  To the extent that a response is required, Respondent denies all allegations contained in Paragraph 44 and asserts that J.H. is appropriately classified as Emotionally Disturbed, pursuant to N.J.A.C. 6A:14-3.5 or 34 C.F.R. § 300.8.

45.     Respondent denies that it "declassified" J.H.  Respondent further denies that J.H. did not have any IEP or appropriate placement in the district.  To the extent that the remainder of Paragraph 45 contains allegations against Respondent, the Board denies same.  Notwithstanding,

Respondent notes that N.J.A.C. 6A:14-2.3(a) and 34 C.F.R. § 300.300(b) require parental consent for the initial provision of special education and related services to a child.

46.     Respondent states that Paragraph 46 does not contain factual allegations against Respondent and, as such, Respondent neither admits nor denies same and leaves Petitioners to their proofs. To the extent that Paragraph 46 contains allegations against Respondent, the Board denies same.

In response to Petitioners' prayer for relief (paragraphs 1-11), Respondent West Morris Regional Board of Education admits that Petitioners appear to be seeking the requested relief.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE AND AFFIRMATIVE DEFENSE

The Amended Petition for Due Process fails to state a claim upon which relief may be granted.

### SECOND SEPARATE AND AFFIRMATIVE DEFENSE

At all times relevant to this matter, Respondent, its agents, employees, officers, staff and designee(s) complied with the requirements of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§1400 et seq., Section 504 of the Rehabilitation Act of 1973, and corresponding New Jersey law, and has continually offered and stands ready to provide the student with a free appropriate public education ("FAPE") in the least restrictive environment, and otherwise in conformity with all applicable laws.

### THIRD SEPARATE AND AFFIRMATIVE DEFENSE

Inasmuch as Respondent made available to the student a free, appropriate public education, Petitioners are barred from recovery by N.J.A.C. 6A:14-2.10 (a).

### FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

Recovery is barred or subject to reduction by N.J.A.C. 6A:14-2.10(c) and 34 C.F.R. § 300.148(d)

### FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

Petitioners are barred from recovery by virtue of their pre-determination of J.H.'s placement at Purnell School, their decision that J.H. would not consider any other proposed in-district placements, and their failure to meaningfully participate in the IEP process.

### SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

Petitioners are barred from recovery because Purnell School is not approved for the provision of special education and related services and Petitioners cannot satisfy the requirements of N.J.A.C. 6A:14-6.5(b).

### SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

Petitioners are barred from recovery under the doctrine of collateral estoppel and res judicata.

### EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

Any events occurring outside the applicable statute of limitations period are barred.

### NINTH SEPARATE AND AFFIRMATIVE DEFENSE

Petitioners' claims are frivolous and without any reasonable basis in law or fact; cannot be supported by good faith argument for extension, modification or reversal of existing law; and are lacking in evidentiary support.

### TENTH SEPARATE AND AFFIRMATIVE DEFENSE

Respondent reserves the right to seek reimbursement of attorneys' fees as appropriate, pursuant to 34 C.F.R. § 300.517 on the grounds stated therein.

## ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

Respondent reserves the right to assert other such defenses as continuing investigation and discovery may indicate.

**WHEREFORE,** the West Morris Regional Board of Education respectfully requests that the Amended Petitioner for Due Process be dismissed, with prejudice, and that an Order be entered in favor of Respondent, finding that it offered to provide the student with a free appropriate public education in conformity with all applicable law and regulation, denying Petitioners' request for relief, and for such other and further relief as the Administrative Law Judge deems just and proper.

                            CLEARY GIACOBBE ALFIERI JACOBS, LLC
                            Attorneys for Respondent
                            West Morris Regional Board of Education


                       By: _____
                            Jodi S. Howlett

Dated: November 27, 2017

## CERTIFICATION OF SERVICE

I, Jodi S. Howlett, Esq., of full age, certify that I am an attorney at law in the State of New Jersey and a Partner in the law firm of Cleary Giacobbe Alfieri Jacobs, LLC, counsel of record for Respondent West Morris Regional Board of Education, and that on November 27, 2017, I caused a copy of Respondent's Answer to the Amended Petition for Due Process to be served upon Petitioners' counsel, Julie Warshaw, Esq., Warshaw Law Firm, LLC, 266 King George Road, Suite C2, Warren, New Jersey 07059, by Federal Express.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By: Jodi S. Howlett

Dated: November 27, 2017