**WARSHAW LAW FIRM, LLC**
Julie Warshaw, Esq. (ID# 027931993)
266 King George Road, Suite C2
Warren, New Jersey 07059
Phone (973) 433-2121
Fax (973) 439-1047
jwarshaw@warshawlawfirm.com
Attorneys for Petitioners

| | |
|---|---|
| **F.H. AND M.H. o/b/o J.H., Minor Child,**<br><br>Petitioners<br><br>v.<br><br>**WEST MORRIS REGIONAL HIGH SCHOOL DISTRICT BOARD OF EDUCATION**<br><br>Respondent | OFFICE OF ADMINISTRATIVE LAW<br>OAL DOCKET NO.: EDS 10706 2017<br>AGENCY REFERENCE NO.: 2017- 26311<br><br>**PETITIONERS' ANSWER TO RESPONDENT'S CROSS-PETITION FOR DUE PROCESS** |

Petitioners, F.H. and M.H. o/b/o J.H., ("Petitioners") by way of Answer to the Cross-Petition for Due Process (the "Request") filed by West Morris Regional High School District Board of Education ("Respondent" or the "Board"), hereby states as follows:

RESPONDENT'S CONTENTIONS

1. Petitioners deny that J.H. is a 16 year old and admit that she resides in Long Valley, New Jersey with her parents F.H. and M.H.

2. Petitioners admit the allegation contained in Paragraph Two of the Request.

3. Petitioners admit that J.H. attended ninth grade at West Morris Central High School in 2015-2016 and leave Respondent to its proofs for the remaining allegations.

4. Petitioners admit the allegation set forth in Paragraph Four of the Request.

5. Petitioners admit the allegation set forth in Paragraph Five of the Request.

6. Petitioners cannot know whether the allegations set forth in the first sentence of Paragraph Six of the Request about the district receiving anything are true and leave

Respondent to its proofs. Petitioners admit the allegation set forth in the second sentence of Paragraph Six, however, to the extent the allegation is intended to contain the entire content of the October 20, 2016 letter from ICCPC, Petitioners deny and refer to the letter which speaks for itself. Petitioners leave Respondent to its proofs for the remaining allegations.

7. Petitioners admit the allegation set forth in Paragraph Seven of the Request.

8. Petitioners do not have sufficient information at this time to admit or deny the date that home instruction started and leave Respondent to its proofs.

9. Petitioners cannot know whether the allegations set forth in the first sentence of Paragraph Nine of the Request about the district receiving anything is true and leave Respondent to its proofs. Petitioners admit the allegation set forth in the second sentence of Paragraph Nine, however, to the extent the allegation is intended to contain the entire content of the December 2, 2016 correspondence from ICCPC, Petitioners deny and refer to the letter which speaks for itself.

10. Petitioners admit the allegation set forth in the first sentence of Paragraph Ten of the Request. Petitioners admit the allegation set forth in the second sentence of Paragraph Ten of the Request to the extent that those accommodations were provided to J.H. in the 504 Plan, however, to the extent the allegation is intended to contain the entire content of the 504 Plan, Petitioners deny and refer to the 504 Plan which speaks for itself.

11. Petitioners deny the allegation set forth in Paragraph Eleven of the Request and instead state that J.H.'s severe anxiety prevented her from returning to school in December 2016.

12. Petitioners admit that at some point they asked the district to send J.H. to an out of district placement but deny the remaining part of Paragraph twelve and leave Respondent to its proofs.

13. Petitioners admit that J.H. was given a special education referral but deny that this was given for the suspected category of emotional disturbance and leave Respondent to its proofs. Petitioners admit the allegation set forth in the second sentence of Paragraph Thirteen.

14. Petitioners cannot know whether the allegations set forth in the first sentence of Paragraph Fourteen about the district receiving anything is true and leave Respondent to its proofs. Petitioners admit the allegation set forth in the second sentence of Paragraph Fourteen, however, to the extent the allegation is intended to contain the entire content of the letter, Petitioners deny and state that Petitioners also requested home instruction and refer to the letter which speaks for itself.

15. Petitioners cannot know whether the allegations set forth in the first sentence of Paragraph Fifteen about the district receiving anything is true and leave Respondent to its proofs. However, to the extent the allegation is intended to contain the entire content of the January 6, 2017 letter from ICCPC, Petitioners deny and refer to the letter which speaks for itself.

16. Petitioners admit that there was a meeting on January 9, 2017 and that they consented to have the district conduct a psychological and social assessment. The district did agree to accept a psychiatric evaluation by ICPCC. Petitioners deny the allegations set forth in the last sentence of Paragraph Sixteen and leave Respondent to its proofs.

17. Petitioners admit that a social assessment was completed and that this is what the report said but Petitioners deny the truth of this statement and leave Respondent to its proofs.

18. Petitioners admit that Sherry J. Wilk, M.A., conducted a psychological assessment of J.H. and that this is what the report said but Petitioners deny the truth of this statement and leave Respondent to its proofs.

19. Petitioners admit that Shankar Srinivasan, M.D. conducted a psychiatric assessment of J.H. Petitioners submit that no response is required to the allegations set forth in the second and third sentences of Paragraph Nineteen of the Request as Dr. Srinivasan's report speaks for itself.

20. Petitioners submit that no response is needed to the first sentence of Paragraph Twenty as it is a legal conclusion and leave Respondent to its proofs. Petitioners admit the allegation in the second sentence of Paragraph Twenty. Petitioners deny the allegations in the third sentence of Paragraph Twenty and leave Respondent to its proofs. Petitioners deny the allegation in the fourth sentence of Paragraph Twenty and leave Respondent to its proofs.

21. Petitioners deny the allegations in Paragraph 21 and leave Respondent to its proofs.

22. Petitioners deny that the Being Successful Program was offered as a placement option for J.H and deny the remainder of the allegations set forth in Paragraph Twenty-Two and leave Respondent to its proofs.

23. Petitioners lack sufficient information or knowledge to either admit or deny the allegations in Paragraph 23 and leave Respondent to its proofs.

24. Petitioners deny the allegations set forth in Paragraph Twenty-Four and leave Respondent to its proofs.

25. Petitioners deny the allegations set forth in Paragraph Twenty-Five and leave Respondent to its proofs.

26. Petitioners deny the allegations set forth in Paragraph Twenty-Six and leave Respondent to its proofs.

27. Petitioners deny the allegations set forth in Paragraph Twenty-Seven and leave Respondent to its proofs.

28. Petitioners admit the allegations in Paragraph Twenty-Eight of the Request.

29. Petitioners deny the allegation in Paragraph Twenty-Nine of the Request and state that Petitioners consented to the implementation of special education and related services, however, Petitioners disagreed with the eligibility classification and the proposed placement.

30. Petitioners deny the allegations set forth in Paragraph Thirty and leave Respondent to its proofs. Petitioners submit that no response is required to the allegations in Paragraph Thirty of the Request because it is a legal conclusion

31. Petitioners deny the allegations set forth in Paragraph Thirty-One but admit that they requested independent evaluations. Petitioners leave Respondent to its proofs.

32. Petitioners admit that they filed a Petition for Due Process with the Office of Special Education Policy and Procedure but state that the date of the filing is June 5, 2017.

33. Petitioners leave Respondent to its proofs and submit that no response is required to the allegations set forth in Paragraph Thirty-Three of the request as Dr. Schuberth's report speaks for itself.

34. Petitioners admit the first sentence in Paragraph Thirty-Four but deny the remaining allegations set forth in said paragraph and leave Respondent to its proofs. Petitioners submit that Dr. Schuberth's report speaks for itself.

35. Petitioners deny the allegations in Paragraph Thirty-Five of the Request and leave Respondent to its proofs. Petitioners also submit that this calls for a legal conclusion and leave Respondent to its proofs.

36. Petitioners leave Respondent to its proofs and submit that no response is required to the allegations set forth in Paragraph Thirty-Six of the request as Dr. Platt's report speaks for itself.

37. Petitioners leave Respondent to its proofs and submit that no response is required to the allegations set forth in Paragraph Thirty-Seven of the request as Dr. Platt's report speaks for itself.

38. Petitioners cannot know whether the allegations set forth in the first sentence of Paragraph Thirty-Eight about the district receiving anything is true and leave

Respondent to its proofs. Petitioners admit the remaining allegations in Paragraph Thirty-Eight of the Request.

39. Petitioners admit that they filed a Motion for Summary Decision on or about September 20, 2017.

40. Petitioners admit that they filed a motion for summary decision and a reply to Respondent's Opposition to that motion and leave Respondent to its proofs for the remaining allegations. Petitioners submit that no response is required to the allegations set forth in subparagraphs a-q of Paragraph Forty and refer to Petitioners Motion for Summary Decision which speaks for itself.

41. Petitioners admit the allegations in the first sentence of Paragraph Forty-One of the Request. Petitioners submit that no response is required to the allegations set forth in subparagraphs r-z of Paragraph Forty-One and refer to Petitioners Motion for Summary Decision which speaks for itself.

42. Petitioners deny the allegations in Paragraph Forty-Two of the Request but admit that they did not consent to classification of J.H. under the category of "emotionally disturbed." Petitioners leave Respondent to its proofs.

43. Petitioners deny the allegations in Paragraph Forty-Three of the Request to the extent that the allegations are intended to allege that Petitioners revoked consent to classify J.H. as eligible for special education and related services. Petitioners admit that they did not consent to classification of J.H. under the category of "emotionally disturbed." Petitioners leave Respondent to its proof for the remainder of the allegations.

44. Petitioners deny the allegations in Paragraph Forty-Four of the Request to the extent that the allegations are intended to allege that Petitioners revoked consent to classify J.H. as eligible for special education and related services. Petitioners submit that no response is required to the allegation in Paragraph Forty-Four as it contains a legal conclusion and Petitioners leave Respondent to its proofs.

45. Petitioners deny the allegations in Paragraph Forty-Five of the Request and leave Respondent to its proofs.

46. Petitioners deny the allegations in Paragraph Forty-Six of the Request and leave Respondent to its proofs.

## SEPARATE DEFENSES

1. At all times Petitioners have acted in good faith and in accordance with applicable law and statutes.

2. At all times Petitioners were entitled to unilaterally place their daughter at the Purnell School as the district failed to provide an appropriate classification and placement for J.H.

3. At all times Petitioners complied with all procedural requirements.

4. Respondent has failed to state any claim in their cross-petition for due process for which relief may be granted and said claims are frivolous.

5. At all times Respondent has acted in bad faith and in violation of the applicable law and statutes.

6. Petitioners reserve their right to assert such other affirmative defenses as may be necessary and appropriate.

**WHEREFORE,** Petitioners respectfully request that Respondent's Cross-Petition for Due Process be dismissed, with prejudice, and that an Order be entered in favor of Petitioners finding that Respondent failed to provide J.H. with a free appropriate public education, declaring Petitioners' unilateral placement of J.H. to be appropriate, deny Respondent's request to limit the scope of the due process hearing, denying Respondent's request to say that Petitioner revoked consent for special education services as this is not true, granting Petitioners request for relief in their Petition for Due Process, declaring Petitioners the prevailing party, and awarding Petitioners such other and further relief as the Administrative Law Judge deems just and proper.

Respectfully Submitted,

By: ______________________
Julie Warshaw

Dated: February 24, 2018