**WARSHAW LAW FIRM, LLC**
Julie Warshaw, Esq. (ID# 027931993)
266 King George Road, Suite C2
Warren, New Jersey 07059
Phone (973) 433-2121
Fax (973) 439-1047
jwarshaw@warshawlawfirm.com
Attorneys for Petitioners

| | | |
|---|---|---|
| **F.H. AND M.H. o/b/o J.H.,** | : | OFFICE OF ADMINISTRATIVE LAW |
| **Minor Child,** | : | OAL DOCKET NO.:  EDS 10706 2017 |
| | : | AGENCY REFERENCE NO.: 2017- 26311 |
| Petitioners | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION |
| **WEST MORRIS REGIONAL** | : | |
| **HIGH SCHOOL DISTRICT** | : | |
| **BOARD OF EDUCATION** | : | |
| | : | |
| Respondent | : | |
| | : | |

**BRIEF IN SUPPORT OF PETITIONERS' RIGHT TO HAVE ALL ISSUES HEARD AT THE
DUE PROCESS HEARING AND IN OPPOSITION TO RESPONDENT'S REQUEST TO LIMIT
THE TOPICS TO JUST ONE AT THE DUE PROCESS HEARING**

On the Brief:
Julie Warshaw, Esq.

Dated: March 14, 2018

## STATEMENT OF FACTS

Petitioners shall rely upon the facts as set forth in their Amended Request for Due Process.

## LEGAL ARGUMENT

### I. **Petitioners must be permitted to present all issues at the due process hearing in order to comply with exhaustion rule set forth in the IDEA**

Petitioners are required to present all issues relating to J.H.'s education at the due process hearing in order to comply with the exhaustion rule set forth in the Individuals with Disabilities Education Act ("IDEA"). Under the IDEA, prior to filing a civil action, a petitioner must exhaust all available administrative remedies before having the right to file a lawsuit.

Pursuant to 20 U.S.C. § 1415(l):

> Rule of construction. Nothing in this title [20 USCS §§ 1400 et seq.] shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973 [29 USCS §§ 790 et seq.], or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this part [20 USCS §§ 1411 et seq.], the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this part [20 USCS §§ 1411 et seq.].

The purpose of the so-called "exhaustion rule" is to "channel disputes related to the education of disabled children into an administrative process that could apply administrators' expertise in the area and promptly resolve grievances." Cane v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 245-246 (2d Cir. 2008) (quoting Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist., 288 F.3d 478, 487 (2d. Cir. 2002)). Exhaustion also promotes the "strong" public policy reasons, including development of a record for review on appeal; encouraging the child's parents and the school to work together to formulate an IEP; and, again, allowing educators to apply their particular expertise and correct any errors. Batchelor v. Rose Tree Media Sch. Dist., 759 F.3d 266, 275 (3d Cir. 2014).

Thus, an aggrieved party only has a right to file suit in a federal or state court after exhausting all administrative procedures.    Cane, 514 F.3d at 245 (citing 20 U.S.C. § 1415(i)(2)(A)).  This restriction applies not only to suits filed under the IDEA, but all claims for relief available under same, regardless of the initiating cause of action.  Id. at 246 (citing 20 U.S.C. §1415(l)).  See also Batchelor, 759 F.3d at 273.

Should the parties fail to exhaust all administrative remedies, the Court is left without subject matter jurisdiction, and suit cannot be filed.  Id. at 245 (citing Polera, 288 F.3d at 483); see also Batchelor, 759 F.3d at 272.  In David D. v. Dartmouth School Committee, 775 F.2d 411, 424 (1st Cir. 1985), the First Circuit observed that, because the District Court's role in reviewing education law cases is to "provide something short of a trial de novo, and can best be characterized as conducting a review proceeding, we have previously held that for issues to be preserved for judicial review, they must first be presented to the administrative hearing officer."

Notably, the administrative remedies to first be exhausted include a parental right to request a due process hearing "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education."  20 U.S.C. §1415(b)(6)(A) (emphasis supplied).  Therefore, Petitioners must be permitted to be heard on all issues noticed in the due process complaint.  20 U.S.C. §§ 1415(b)(6)(A) and 1415(f)(3)(B).  This is for two reasons.  First, Petitioners must raise all disputed issues to preserve them for a potential future judicial review.  Second, Petitioners are required to create a complete record of all findings of fact and conclusions of law given the amount of deference given by a reviewing Court to the Administrative Hearing Officer.  Therefore, to limit Petitioners' due process hearing would create an irreparable injustice to Petitioners, and would be erroneous as a matter of law.

## II. The IDEA does not permit the Respondent to limit the issues addressed at the due process hearing

Respondent's attempt to limit the scope of the due process hearing is prohibited by a plain reading of the clear statutory language of the IDEA. Significantly, at 20 U.S.C. §1415(f)(3)(B), the IDEA identifies the sole limitations for a due process hearing, including the subject matter of the hearing itself:

> Subject matter of hearing. The party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that were not raised in the notice filed under subsection (b)(7), unless the other party agrees otherwise.

No other limitations, exclusions, and/or or provisions are set forth in the statute with regard to the subject matter of the hearing. See generally 20 U.S.C. §1415. Therefore, it must be enforced as written, and Petitioners must be permitted to proceed with all issues at the due process hearing.

It is well-established that when the language of a statute, such as the IDEA, is clear and plain, it must be enforced by the court according to its terms. IUE-CWA v. Visteon Corp. (In re Visteon Corp.), 612 F.3d 210, 219 (3d Cir. 2010) (citing Lamie v. United States Tr., 540 U.S. 526, 534 (2004)). This is because it is the function of Congress, and not the court, to create legislation. Id. at 220. The Court "will only give effect to the law Congress has enacted," and will not impose its own reading or restrictions. Id. at 237.

Pursuant to a clear and plain reading of the IDEA, the only issues precluded from consideration at a due process hearing are those that were not properly noticed in the due process complaint. 20 U.S.C. §1415(f)(3)(B). Here, however, Petitioners simply seek the adjudication of the issues noticed in their due process complaint, including but not limited to classification, appropriateness of the proposed placement, identification of a specific learning disability and hearing issue, etc. Should Congress have intended these properly-noticed issues to be limited at

3

the due process hearing, it would have expressly stated so in the IDEA, particularly because Congress took the affirmative step of limiting the subject matter to issues contained in the due process complaint. It should be noted here that the IDEA actually encourages the presentation of any and all issues to the Administrative Hearing Officer during a due process hearing, as the filing of a separate due process complaint is permitted to raise any issues that were not originally included in the filing. See 20 U.S.C. §1415(o).

Because no such limitations exist, where Congress took care to specifically outline other inapplicable limitations, it would be error to preclude them here. See IUE-CWA, supra. Therefore, Petitioners must be permitted to present any and all issues relating to J.H.'s education and individual needs at the time of the due process hearing.

### III. Limiting the issues at the due process hearing will not promote judicial efficiency

Finally, in addition to causing the harm outlined above, limiting the Petitioners' issues at the due process hearing will not promote judicial efficiency. In fact, Respondent's proposed limitations may run afoul of judicial efficiency by creating the need for further proceedings and intervention, both by the Court and the Office of Administrative Law.

First, the Court recognizes that the concept of judicial efficiency is not absolute. For example, judicial efficiency will not control where an injustice will result. Moreover, a litigant has a right to be heard that must be balanced against the goal of judicial efficiency. See e.g. First Morris Bank & Tr. v. Roland Offset Serv., Inc., 357 N.J. Super. 68, 71 (App. Div. 2003) (asserting that the New Jersey Rules of Court reconcile the principles of judicial efficiency with the equitable principles of avoiding an injustice in considering applications to vacate default judgments); Farmer v. Hyde Your Eyes Optical, Inc., No. 13-CV-6653 (GBD) (JLC), 2015 U.S. Dist. LEXIS 62904, at *39 (S.D.N.Y. May 13, 2015) (explicitly recognizing the need to balance

judicial efficiency with a litigant's right to be heard in determining a motion to dismiss for failure to prosecute); Sand Creek Partners, Ltd. v. Am. Fed. Sav. & Loan Ass'n, CASE NO. 89-C-732, 1991 U.S. Dist. LEXIS 20254, at *8 (D. Colo. Jan. 4, 1991) (declining to promote judicial efficiency by imposing the law of the case doctrine where an injustice would result); Puckett v. United States, 556 U.S. 129, 135, 129 S. Ct. 1423, 1429, 173 L.Ed.2d 266, 275 (2009) (recognizing the balance between judicial efficiency and redress of injustice established by the federal rules of criminal procedure). Moreover, in the case of Kingsley Capital Mgmt., LLC v. Sly, 820 F. Supp. 2d 1011, 1028-29 (D. Ariz. 2011), the Arizona District Court determined that "fidelity" to federal legislation (such as the IDEA here) "trumps" any principle of efficiency.

Here, limiting the Petitioners in the issues they may present at the due process hearing will indisputably, and unfairly, deprive them of their federal rights under the IDEA to be heard on "any matter relating to the identification, evaluation, or educational placement [of J.H.], or the provision of a free appropriate public education." 20 U.S.C. §1415(b)(6)(A) (emphasis supplied). It must be remembered that the very purpose of the IDEA is to guarantee parents of disabled children "'both an opportunity for meaningful input into all decisions affecting their child's education and the right to seek review of any decisions they think inappropriate.'" Cave, 514 F.3d at 245 (quoting Honig v. Doe, 484 U.S. 305, 311-312 (1988)). The use of broad, unlimited language such as "any" and "all" in the IDEA and interpreting case law cannot be overlooked and ignored in this case. Moreover, limiting the Petitioners' issues at the due process hearing will create an irreparable injustice by preventing the proper exhaustion of Petitioners' administrative remedies under the IDEA, and preventing the preservation Petitioners' right to file a state or federal lawsuit, should it become necessary. It cannot be reasonably said that the real and serious harm to Petitioners should be disregarded in the name of "judicial efficiency."

Second, there is a significant risk that limiting the issues in the due process hearing will create the need for further proceedings and intervention, both by the Court and the Office of Administrative Law, thereby disrupting any goal of judicial efficiency. Y.S. v. N.Y.C. Dep't of Educ., 2013 U.S. Dist. LEXIS 151598 (S.D.N.Y. Sep. 24, 2013) is instructive in this regard. In Y.S., the Court ultimately remanded the case back to the reviewing officer for further proceedings because all issues contained in the due process complaint were not adjudicated. The Court first found the issue in dispute was, in fact, placed before the hearing officer because it was identified in the due process complaint; however, because the issue was neither addressed by the hearing officer, nor the reviewing officer, the case was remanded for further proceedings to adjudicate all properly noticed issues. Id. at *20-21. Thus, limiting the issues in this case could undoubtedly cause additional work, and require the unnecessary expenditure of additional resources, for all parties involved.

## CONCLUSION

Therefore, Petitioners respectfully request that this Court not limit the issues in this case as they were included in Petitioners' Petition for Due Process and they are entitled to be heard.

Respectfully Submitted,

By: _____
Julie Warshaw, Esq.