# Batista, Diana

| | |
|---|---|
| **From:** | J Warshaw <jwarshaw@warshawlawfirm.com> |
| **Sent:** | Wednesday, April 04, 2018 8:07 PM |
| **To:** | Batista, Diana |
| **Cc:** | Jodi Howlett |
| **Subject:** | Fwd: IEP Recordings F.H. and M.H. v. West Morris -FURTHER OPPOSITION TO RESPONDENT'S MOTION IN LIMINE |
| **Attachments:** | iep_recording2b.mp3 |

Diana, I furtherance of our opposition to Respondent's motion in limine, I am attaching through two emails a recording of the May 16, 2017 IEP meeting wherein I attended. This recordings show that Dr. David Leigh was the one who brought up the Purnell School to my clients and said it was a good option to consider for J.H. This further supports our position that even though the child study team made their predetermined unilateral decision to classify J.H. as emotionally disturbed, this decision cannot be looked at in a bubble because even at the second IEP meeting where counsel was present, the director of special education told my clients to go look at the Purnell School because they had a peer group there and it was different than the other schools they were considering. This shows that despite counsels ridiculous arguments, her client at that time, as that was his last day as the director before he retired, was willing to look at the Purnell School for J.H. My clients have reserved their right to present additional evidence if needed at the due process hearing. We intend to present these recordings as well as Exhibit 51. I am sending the Court two separate emails with the first and second part of the meeting recorded. Thank you. Julie Warshaw

Julie Warshaw, Esq.
WARSHAW LAW FIRM, LLC
266 King George Road, Suite C2
Warren, NJ 07059
(973) 433-2121, Fax (973) 439-1047
jwarshaw@warshawlawfirm.com
www.warshawlawfirm.com

The information contained in this e-mail message is intended only for the confidential use of the recipient(s) named above. This message is privileged and confidential. If the receiver of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message. The sender confirms that Warshaw Law Firm, LLC shall not be responsible if this e-mail message is used for any indecent, unsolicited or illegal purposes, which is in violation of any existing law and the same shall solely be the responsibility of the sender and that Warshaw Law Firm, LLC shall at all times be indemnified of any civil and/or criminal liabilities or consequences therefrom.

# Batista, Diana

| | |
|---|---|
| **From:** | J Warshaw <jwarshaw@warshawlawfirm.com> |
| **Sent:** | Wednesday, April 04, 2018 8:09 PM |
| **To:** | Batista, Diana |
| **Cc:** | Jodi Howlett |
| **Subject:** | Fwd: IEP Recordings F.H. and M.H. v. West Morris - PETITIONERS' CONTINUED OPPOSITION TO RESPONDENT'S MOTION IN LIMINE |
| **Attachments:** | iep_recording2b.mp3 |

Diana, Here is the second email of the second part of the IEP meeting in this case. The end of the tape is Dr. David Leigh talking about how my clients should go see the Purnell School. Thank you. Julie Warshaw


Julie Warshaw, Esq.
WARSHAW LAW FIRM, LLC
266 King George Road, Suite C2
Warren, NJ 07059
(973) 433-2121, Fax (973) 439-1047
jwarshaw@warshawlawfirm.com
www.warshawlawfirm.com

The information contained in this e-mail message is intended only for the confidential use of the recipient(s) named above. This message is privileged and confidential. If the receiver of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message. The sender confirms that Warshaw Law Firm, LLC shall not be responsible if this e-mail message is used for any indecent, unsolicited or illegal purposes, which is in violation of any existing law and the same shall solely be the responsibility of the sender and that Warshaw Law Firm, LLC shall at all times be indemnified of any civil and/or criminal liabilities or consequences therefrom.

## Batista, Diana

| | |
|---|---|
| **From:** | J Warshaw <jwarshaw@warshawlawfirm.com> |
| **Sent:** | Wednesday, April 04, 2018 8:08 PM |
| **To:** | Batista, Diana |
| **Cc:** | Jodi Howlett |
| **Subject:** | Fwd: IEP Recordings F.H. and M.H. v. West Morris - PETITIONERS' CONTINUED OPPOSITION TO RESPONDENT'S MOTION IN LIMINE |
| **Attachments:** | iep_recording2b.mp3 |

Diana, Here is the second email of the second part of the IEP meeting in this case. The end of the tape is Dr. David Leigh talking about how my clients should go see the Purnell School. Thank you. Julie Warshaw

Julie Warshaw, Esq.
WARSHAW LAW FIRM, LLC
266 King George Road, Suite C2
Warren, NJ 07059
(973) 433-2121, Fax (973) 439-1047
jwarshaw@warshawlawfirm.com
www.warshawlawfirm.com

The information contained in this e-mail message is intended only for the confidential use of the recipient(s) named above. This message is privileged and confidential. If the receiver of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message. The sender confirms that Warshaw Law Firm, LLC shall not be responsible if this e-mail message is used for any indecent, unsolicited or illegal purposes, which is in violation of any existing law and the same shall solely be the responsibility of the sender and that Warshaw Law Firm, LLC shall at all times be indemnified of any civil and/or criminal liabilities or consequences therefrom.



Julio M.W. Warshaw, Esq. \*~^
Caryn Fitzgerald, Esq. \*~

*Of Counsel:*
David B. Warshaw, Esq. \*~^

# WARSHAW LAW FIRM, LLC
266 King George Road, Suite C2
Warren, New Jersey 07059
Phone: (973) 433-2121
Fax: (973) 439-1047
jwarshaw@warshawlawfirm.com
clientservices@warshawlawfirm.com
www.warshawlawfirm.com

Licensed in New Jersey \*
Licensed in New York ~
Licensed in Massachusetts ^
Licensed in Pennsylvania `

April 4, 2018

Via Facsimile (973) 648-6124
Honorable Thomas Betancourt, A.L.J.
33 Washington Street, 7th Floor
Newark, New Jersey 07102

> Re: F.H. and M.H. o/b/o J.H. v. West Morris Regional High School Board of Education
> OAL Docket No.: EDS 10706-2017 N
> Agency Ref. No.: 2017-26311
> **PETITIONERS' OPPOSITION TO RESPONDENT'S MOTION IN LIMINE**

Dear Judge Betancourt:

This office represents the Petitioners in the above captioned matter. Please accept this letter brief in lieu of a more formal brief in opposition to Respondent's motion in limine filed today. As Your Honor is aware, I have been requesting a conference call with the Court since March 27, 2018. We have had two calls scheduled which were cancelled. I am again requesting a conference call with the Court.

Petitioners do not agree with any of the characteristics and alleged facts set forth in Respondent's brief and shall rely solely upon the facts as set forth in Petitioners' Amended Due Process action as well as in prior submitted briefs including Petitioners' March 14, 2018 letter brief.

In my March 27, 2018 letter to this Court, I indicated that the Respondent had failed to answer any of our discovery requests and they failed to provide any of the documents and information we requested. In fact, I had to send OPRA requests to the district in

1

addition to my discovery document requests and my client having signed an authorization on November 3, 2017, for the release of their daughter's student records, and to date, the majority of my OPRA requests were denied and I still do not have the information I requested and am entitled to receive. Due to the prejudicial nature of such and the limits it puts on my clients to put forth their entire case, I am again respectfully requesting that Respondent's Answer be stricken and that they are prevented from putting forth any evidence at the time of the due process hearing scheduled for April 9, 2018.

This afternoon, I received Respondent's motion in limine to limit the scope of my clients' case and to prevent our experts from testifying at the due process hearing. This motion is completely baseless, frivolous, and cannot be substantiated and must be denied.

First, the snapshot rule does not apply in this case. The issues in this case are more than what the district chose to look at, at the time that they determined that J.H. was allegedly emotionally disturbed. The district completely missed J.H.'s specific learning disability at the moment in time that they incorrectly tried to classify her. If this Court was only going to look at that moment in time, then clearly the Court could conclude that the IEP was predetermined by the school district as no changes could ever be made and that was the school district's proposal, without any input from the Petitioners. Predetermined IEP's are not allowed and violate Petitioners' rights to be a member of the child study team and that the IEP is a working document and not set in stone. Based on this alone, the Respondent's motion in limine should be denied.

Additionally, it is clear that this Court agreed with Petitioners that there were other relevant issues that needed to be included in the case because it granted Petitioners' motion to amend the Due Process Complaint to include the findings of the independent

2

experts' reports, which the Respondent now claims should not be in the case. Respondents did not object to Petitioners' motion to amend at that time and cannot now assert this argument just because the evidence does not support their position.

Second, Respondent school district now wants to exclude their own independent evaluation reports because now they claim that they did not have this information at the time that they determined J.H. was allegedly emotionally disturbed. However, once the district did have these reports, they had an affirmative duty to amend the IEP, call an IEP meeting, propose a different classification based on the independent findings, at least consider the independent findings, and to propose a different placement. The school district did not take any of these steps. This further supports that the district did not take into consideration all of available information that they had at their disposal to properly classify and place J.H. based on her actual and unique needs. Respondent is now admitting through its motion that they did not, would not, and will not even now consider the independent expert report findings and that those should not be in the case. That is completely nonsensical. Respondent's position is simply not true.

The district received and paid for the independent expert reports from Dr. Natalie Schuberth and Dr. Ellen Platt. They both were available to the school district and they had their findings. Further, there was plenty of time for the school district to hold another IEP meeting after receipt of the independent evaluation reports were received but the district chose not to hold one. The district choice not to amend the IEP. The district chose not to change the proposed classification, despite knowing for more than five months before the start of the 2017-2018 school year that Petitioners did not agree to this classification. The district chose not to propose a different educational placement for J.H. even after they

3

received the independent evaluation reports. In mid-September after school had already started, the district unilaterally chose to instead only determine that J.H. would be a general education student with an outdated unsigned 504 Plan after the 2017-2018 school year already had begun. There was no input from the Petitioners as to this 504 Plan for the 2017-2018 school year. The snap shot rule would not look at all of these opportunities that the district had to try to work something out with Petitioners. The snapshot rule would not take into account any of the issues this Court already determined were relevant to be part of this case when the Court granted Petitioners' motion to amend their Due Process Complaint. Respondent's motion in limine must be denied.

The district also wants to prevent Petitioner from bringing in information and emails between them and the district requesting that they have another IEP meeting, that they try to work out a solution rather than having to place JH at an alternate school. Respondents want to bar all of Petitioners' evidence to show that they were trying to work with the district but the district failed to do its job. This motion is merely a feeble attempt by Respondents to try to bar any evidence that does not support their narrow position that at the exact moment in time that they predetermined, without any input from Petitioners and without any substantiating evidence, that J.H. should be classified as Emotionally Disturbed, placing her in a behavioral class in a large crowded high school. The IEP process is fluid as children are not stagnant. The district now tries to support their position by eliminating all relevant facts that they failed to consider and should have considered. They had plenty of time to change the IEP and they failed to do so. They cannot benefit now from their blunders.

4

Third, the district has argued to this Court a few times that Petitioners did not produce any discovery. That again is a blatant lie. Respondents NEVER sent discovery requests to Petitioners. The only request that Respondents sent to Petitioners was a "Consent for Observation and Authorization for Release and Exchange of Information" to have documents released from the Purnell School, which Petitioners signed on October 17, 2017. Attached to my letter to the Court dated February 21, 2018, I voluntarily sent information to Respondent in good faith, despite never having been requested. Now, because Petitioners produce that same information under the 5-day rule that was never requested, suddenly it should be excluded? That is not the law and Respondent's motion in limine must be denied. Respondent cannot benefit from their own mistakes.

Dr. Hanna's report is a follow up to Dr. Natalie Schuberth's report, which recommends that there be follow up for her hearing issue. Dr. Hanna confirmed in his letter that J.H. has issues with her hearing sensitivity. The other exhibits Respondent attempts to bar are records that they already have had and were from J.H.'s therapist from August 17, 2017, a letter submitted to the district in plenty of time for the district to hold another IEP meeting, to amend the IEP, to change their proposed placement, etc. The district is also attempting to bar information from the Purnell School which was produced to Respondent and is relevant as to whether or not their placement met J.H.'s needs.

At no time did the Petitioner ever agree to have this case limited to that very moment in time where the school district mistakenly pre-determined J.H. was emotionally disturbed and needed a behavioral program. Even the former director of special services did not support this placement proposal and indicated that the Purnell School would be a good choice.

5

Respondent continues to argue that the district cannot be held to have known information that they did not have during their decision-making process. However, they had the information about a specific learning disability and chose to ignore it. The decision-making process takes time and since they themselves paid for and agreed to have independent evaluations done, they must be taken into consideration. A new IEP meeting should have been held to consider and incorporate the findings of the independent evaluators. Otherwise, what would be the point of having independent evaluations? Using Respondent's logic, if a school district predetermines an IEP, classification and placement and then something changes, no student could ever change an IEP once the school district predetermines what it should be? That makes no sense and is a frivolous argument.

Respondent is again incorrect when they argue that the information submitted that Petitioners are entitled to have considered in this case were submitted only for litigation purposes. That is again not true. Respondent paid for and authorized independent evaluations and now they are trying to exclude them because they claim Petitioner submitted them for litigation purposes only? Again, this is a frivolous and nonsensical argument. Petitioners respectfully request that Respondent's misguided and untrue motion be denied and Petitioners respectfully request that they be awarded counsel fees for having to respond to such a frivolous and desperate motion. Petitioners respectfully request that Respondent's Answer be stricken and that they be barred from presenting all of their evidence in this case for their failures to respond to any discovery requests and to the signed authorizations from Petitioners for release of records. Petitioners also respectfully request that they be allowed to present their entire case as it is relevant to their claims as set forth in their amended due process action.

Respectfully Submitted,

By: _____

Julie Warshaw, Esq.

JW/

cc: Jodi Howlett, Esq. (Via email)

F.H. and M.H.