# Batista, Diana

| | |
|---|---|
| **From:** | Meghan Kennedy <mkennedy@cgajlaw.com> |
| **Sent:** | Friday, April 06, 2018 12:20 PM |
| **To:** | Batista, Diana |
| **Cc:** | Julie Warshaw; Jodi Howlett |
| **Subject:** | J.H. v. West Morris Regional High School BOE; OAL Docket No.: EDS 10706-17 |
| **Attachments:** | Resp. Reply to Pet. Opp. to Motion In Limine to Exlcude Evidence and Expert Witness to Snapshot Rule.pdf |

Dear Judge Betancourt:

On behalf of Ms. Howlett, attached please find the Respondent's Reply to Petitioner's Opposition to Motion *In Limine* to Exclude Evidence and Expert Witnesses pursuant to "Snapshot" Rule.

Please do not hesitate to contact Ms. Howlett at your convenience should you have any questions.

Sincerely,
Meghan Kennedy
Paralegal
Cleary | Giacobbe | Alfieri | Jacobs, LLC
www.cgajlaw.com | mkennedy@cgajlaw.com
955 State Route 34
Suite 200
Matawan, NJ 07747
Tel: (732) 583-7474
Fax: (732) 566-7687

**PLEASE NOTE THAT OUR MATAWAN OFFICE HAS MOVED. OUR NEW LOCATION IS 955 STATE ROUTE 34, SUITE 200, MATAWAN, NEW JERSEY 07747. ALL OTHER CONTACT INFORMATION WILL REMAIN THE SAME.**

This email and any attachments thereto are intended for the exclusive use of the addressee. The information contained herein may be privileged, confidential or otherwise exempt from disclosure by applicable laws, rules or regulations. If you have received this email in error and are not the intended recipient, you are hereby placed on notice that any use, distribution, copying or dissemination of this communication is strictly prohibited. If you have received this in error, please notify the sender immediately at (732) 583-7474 and delete this email and any attachments immediately. Thank you for your cooperation.

1

# CLEARY | GIACOBBE | ALFIERI | JACOBS LLC

JODI S. HOWLETT, Partner
jhowlett@cgajlaw.com

Reply to: Matawan Office

April 6, 2018

**Via E-Mail (Diana.Batista@oal.nj.gov) and Overnight Delivery**
Honorable Thomas R. Betancourt, ALJ
Office of Administrative Law
State of New Jersey
33 Washington Street
Newark, New Jersey 07102

Re: F.H. and M.H. o/b/o J.H. v. West Morris Regional High School Board of Education
Agency Ref. No.: 2017-26311
OAL Docket No.: EDS 10706-17
**REPLY TO PETITIONERS' OPPOSITION TO MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND EXPERT WITNESSES PURSUANT TO "SNAPSHOT RULE"**

Dear Judge Betancourt:

As Your Honor is aware, this firm represents Respondent West Morris Regional High School Board of Education ("Board" or "District") in the above-captioned matter. Kindly accept this letter brief in further support of the Board's Motion *in Limine* to Exclude Evidence and Expert Witnesses Pursuant to the "Snapshot Rule".

The District maintains that the evidence identified in its initial Motion *in Limine* must be excluded as irrelevant pursuant to the "Snapshot Rule" because the adequacy of the individualized education program ("IEP") offered to J.H. can only be determined as of the time it was offered, and not at some later date. Fuhrmann v. East Hanover Bd. of Educ., 993 F.2d 1031, 1040 (3d Cir. 1993).

---

955 State Route 34
Suite 200
Matawan, NJ 07747
Tel 732 583-7474
Fax 732 290-0753

169 Ramapo Valley Road
Upper Level 105
Oakland, NJ 07436
Tel 973 845-6700
Fax 201 644-7601

www.cgajlaw.com

Petitioners fail to recognize that the application of the "Snapshot Rule" is appropriate in this instance due to their course of conduct. The chronology of events is important in this regard. As stated in our moving papers, Petitioners attended the Initial IEP meeting on May 16, 2017 and refused to consent to the implementation of same. Thereafter, on May 30, 2017 Petitioners filed the instant Due Process Petition and unilaterally placed J.H. at Purnell School. **Due to this unilateral placement and outright failure to collaboratively participate in the IEP decision-making process, the District's obligations with regard to revising the proposed IEP ceased.** Therefore, any after-acquired reports, including reports paid for by the District, are irrelevant to these proceedings as those evaluations cannot have retroactive application against the initial proposed IEP. See N.J.A.C. 6A:14-3.4(i) (when *conducting an initial evaluation* [...] the reports and assessment of child study team members or related services providers from other public school districts, DOE approved clinics or agencies, educational services commissions or jointure commissions or professionals in private practice may be submitted by the parents to the child study team for consideration (emphasis added)). Here, however, Petitioners did not provide, request, or produce such reports until after the child study team's evaluations were conducted and after the initial IEP was proposed and rejected.

Once a student is enrolled at a private school due to a parent's unilateral decision, a district has no obligation to develop an IEP. See 20 U.S.C. §1412(a)(10)(A)(i) (requiring a school to provide "for such children special education and related services in accordance with [certain] requirements," but not an IEP). Districts "need not have in place an IEP for a child who has unilaterally enrolled in private school and thereby rejected the district's offer of a FAPE" unless the parent subsequently requests that the district provide an evaluation and/or IEP in connection with a return to the district.. See I.H. ex rel. D.S. v. Cumberland Valley Sch. Dist., 842 F. Supp. 2d 762, 772 (M.D. Pa. 2012) (in the absence of

2

reenrollment or a request for an IEP or evaluation, the IDEA does not require districts to provide FAPE to unenrolled students). Thus, in order to trigger the duty to prepare an IEP, a parent must also communicate their intent to re-enroll their child in the District's schools. See D.P. ex rel. Maria P. v. Council Rock Sch. Dist., 482 F. App'x 669, 672-73 (3d. Cir. 2012). Here, Petitioners have not demonstrated any intent to re-enroll J.H. in the District. To the contrary, Petitioners seek reimbursement for their unilateral placement of J.H., as well as continued placement at Purnell School. **Accordingly, the District had no duty to consider these after-acquired reports with respect to the Initial IEP.**

Moreover, Petitioners' assertion that the "Snapshot Rule" should not apply is further belied by the relief sought in the consolidated Petitions for Due Process, wherein Petitioners seek: 1) a modified IEP which places J.H. in a private out-of-district school; 2) tuition reimbursement for Petitioners' unilateral placement of J.H.; and 3) compensatory education for the alleged period of deprivation. It is well-settled that, in order to obtain such relief from this Court, there must first be a finding that the District failed to offer J.H. a free, appropriate public education ("FAPE"). Importantly, in determining whether the District offered FAPE, the Court must look to the actions of the school district in light of what it knew at the time it proposed a program for J.H. See In re Kleinman, 2015 WL 65311 at *6 unpub. (App. Div. 2015).

Despite Petitioners repeated statements that the district "mistakenly" predetermined J.H.'s placement pursuant to 20 U.S.C. §1415(f)(3)(B), the Petition does not assert a procedural violation of "predetermining" J.H.'s placement. It is clear from the record that Petitioners were afforded a meaningful opportunity to participate in the IEP decision-making process as required under the IDEA. It is Petitioners whom thwarted the IEP process by removing J.H. from the District and unilaterally

placing her at Purnell School; thereby obviating the District's obligation to consider the information obtained by the independent evaluations and other after-acquired reports.

Finally, the District would be remiss if it didn't call this Court's attention to Petitioners inappropriate conduct when opposing this Motion *in Limine* by misstating comments of a former District representative and by appending an audio recording to which Petitioners incorrectly suggest goes to the merits of the factual and legal disputes in this case. Not only is such filing improper, it is prejudicial and inflammatory. The motion made by Respondent is a Motion *in Limine* to exclude evidence which was filed in accordance with this Court's Prehearing Order. Petitioners' attempt to now argue the substantive issues of this matter by motion should be disregarded by this Court. Moreover, as counsel's e-mail correspondence to this Court is the first time Respondent has been served with such audio recordings, Petitioners are prohibited from relying on this recording or any other evidence that was not served upon Respondent at least five (5) days before the date of hearing. See N.J.A.C. 1:6A-10.1. Therefore, the District respectfully requests that, in addition to the evidence previously identified in the Motion *in Limine*, this audio recording also be excluded at hearing for failure to provide same in accordance with the five (5) day disclosure rule.

## CONCLUSION

Based upon the foregoing, Petitioners' assertion that such after-acquired evidence is relevant to these proceedings is not supported by fact, legislation, or case law. Accordingly, pursuant to N.J.A.C. 1:1–15.1, Respondent West Morris Regional High School Board of Education respectfully requests that this Court exclude these documents as irrelevant to these proceedings pursuant to the "Snapshot Rule." Additionally, Respondent further requests that the subsequently submitted audio recording be excluded

4

for failure to be timely produced in accordance with N.J.A.C. 1:6A:10.1 and this Court's Prehearing Order.

Respectfully submitted,

*Jodi Howlett*
Jodi S. Howlett

cc: Julie Warshaw, Esq. – counsel for Petitioners (via E-Mail and Overnight Delivery)
Michael Reinknecht – Director of Special Services (via E-Mail)