

## State of New Jersey
OFFICE OF ADMINISTRATIVE LAW
33 Washington Street
Newark, NJ 07102
(973) 648-6054
Fax (973) 648-2358

*Thomas R. Betancourt*
*Administrative Law Judge*

April 20, 2018

**VIA EMAIL**

Julie Warshaw, Esq.
Warshaw Law Firm, LLC
266 King George Road, Ste. C2
Warren, NJ 07059

Jodi Howlett, Esq.
Cleary, Giacobbe, Alfieri & Jacobs, LLC
5 Ravine Drive
Matawan, NJ 07747

> Re: **F.H. and M.H. on behalf of J.H. v. West Morris Regional High Board of Education**
> **OAL Dkt. Nos.: EDS 10706-17**

Dear Counsel:

Enclosed please find an Order entered in the above-referenced matter.

Very truly yours,

**THOMAS R. BETANCOURT**
Administrative Law Judge

TRB/db
Encl.

*New Jersey is an Equal Opportunity Employer*



**State of New Jersey**
OFFICE OF ADMINISTRATIVE LAW

**ORDER**
OAL DKT. NO. EDS 10706-17
AGENCY DKT. NO. 2017-26311

F.H. AND M.H. ON BEHALF OF J.H.,

    Petitioners,

v.

**WEST MORRIS REGIONAL BOARD
OF EDUCATION**,

    Respondent.

---

    **Julie Warshaw**, Esq., for Petitioner (Warshaw Law Firm, LLC, attorneys)

    **Jodi Howlett**, Esq., for Respondent (Cleary, Giacobbe, Alfieri, Jacobs, attorneys)

BEFORE **THOMAS R. BETANCOURT**, ALJ:

## STATEMENT OF THE CASE AND PROCEDURAL HISTORY

    Petitioner filed a Due Process Petition on June 5, 2017, with Office of Special Education Programs (OSEP) in the New Jersey Department of Education (DOE). OSEP transmitted the contested case pursuant to N.J.S.A. 52:14B-1 to 15 and N.J.S.A. 52:14f-1 TO 13, to the Office of Administrative Law (OAL) where it was filed on July 28, 2017.

    A prehearing conference was held on August 11, 2017, and a prehearing Order was entered on the same date.

Petitioner filed a motion for summary decision on September 20, 2017. That motion is held in abeyance pending a decision on petitioner's motion for leave to amend the due process petition, which was filed with the OAL October 23, 2017.

Leave was granted to amend the due process petition by Order dated November 14, 2017; and, a briefing schedule for the summary decision motion was established.

Respondent filed its reply brief to Petitioner's summary decision motion on December 4, 2017. Petitioner filed a sur-reply brief on December 14, 2017. The motion for summary decision was denied by Order dated December 19, 2017.

Respondent filed a brief on March 16, 2018, in support of its request in its cross petition for due process to limit the scope of the hearing to whether J.H. meets the eligibility criteria to be eligible for special education and related services under the classification Specific Learning Disability, as defined in N.J.A.C. 6A:14-3.5(c)(12), as respondent alleges that petitioner revoked their consent to the classification of J.H. Petitioner filed their brief on March 14, 2018, in support of their right to have all issues heard at the hearing and in opposition to the relief requested by respondent in its cross petition to limit the scope of the hearing above stated.

Respondent then submitted a motion in limine on April 4, 2018, seeking to exclude evidence and expert reports pursuant to the "snapshot rule". Petitioner filed a responsive letter, also on April 4, 2018. Respondent submitted its sur-reply on April 6, 2018. Petitioner, in the responsive letter, requests the following: that respondent's Answer to the Amended Due Process Petition be stricken for failure to provide discovery; that respondent be barred from presenting all of their evidence in this matter, also for failure to provide discovery; for counsel fees; and, that petitioner be permitted to present their entire case.

The initial due process petition was filed with OSEP on June 5, 2017, and requests relief for alleged IDEA and other violations for the 2017-2018 school year.

2

The amended due process petition was filed with the OAL on October 23, 2017, and requests relief for alleged IDEA and other violations for the 2017-2018 and 2018-2019 school years.

Respondent filed its cross petition for due process with the OAL on February 13, 2018 and requests relief, inter alia, that the hearing be limited to whether J.H meets the eligibility criteria to be eligible for special education and related services under the classification Specific Learning Disability, as defined in N.J.A.C. 6A:14-3.5(c)(12), as respondent alleges that petitioner revoked their consent to the classification of J.H. as Emotionally Disturbed. This issue will be addressed herein along with the motion in limine.

## LEGAL ANALYSIS

Initially I will address respondent's request to limit the scope of the hearing to whether J.H meets the eligibility criteria to be eligible for special education and related services under the classification Specific Learning Disability, as defined in N.J.A.C. 6A:14-3.5(c)(12), as respondent alleges that petitioner revoked their consent to the classification of J.H. as Emotionally Disturbed.

The pre-hearing order entered by the undersigned, at ¶ 1, states: The hearing shall be limited to the issues raised in the pleadings. Clearly, in the initial due process petition filed by petitioners they objected to the classification of J.H. as emotionally disturbed. Petitioners restated this objection in the amended due process petition. The issue of proper classification was raised in the pleadings and must be addressed at the hearing, as limited by the decision below on the motion in limine.

Accordingly, I **CONCLUDE** that respondent's request to limit the scope of the hearing, as set forth above, must be **DENIED**. This denial is modified by the decision below on the motion in limine.

In Baquerizo v. Garden Grove Unified Sch. District, 86 F.3d 1179, 1186-87 (9th Cir. 2016) (denying reimbursement to the parents for their private placement when the child's

3

Case 2:19-cv-14465-SDW-LDW Document 13-20 Filed 11/26/19 Page 5 of 8 PageID: 876
OAL DKT. NOS. EDS 10706-17

IEP was appropriate and the parents could not affirmatively show any violations of the IDEA) the Court stated: "When reviewing whether a proposed educational setting is appropriate under the Individuals with Disabilities Education Act, a court employs the snapshot rule, which instructs it to judge an Individualized Education Program (IEP) not in hindsight, but instead based on the information that was reasonably available to the parties at the time of the IEP. To the maximum extent appropriate, children with disabilities are educated with children who are not disabled. 20 U.S.C.S. §1412(1(5)(A)." See also Adams v. Or., 195 F. 3d 1141, 1149 (9th Cir. 1999).

The Third Circuit also uses the snapshot rule, as noted in Furhmann v. E. Hanover Bd. of Educ., 993 F.2d 1031 (3rd Cir. 1993) where the majority noted "[e]vents occurring months and years after placement decisions had been promulgated, although arguably relevant to the court's inquiry, cannot be substituted for Rowley's threshold determination of a 'reasonable calculation' of educational benefit." Id at 1040. (interpreting Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley, 458 U.S. 176 (1982). The Court in Furhmann further stated at 1040, "Our understanding of Rowley comports with that of the district court: that the measure and adequacy of an IEP can only be determined as of the time it is offered to the student, and not at some later date."

Petitioners' letter in opposition to the motion in limine, while arguing that the motion is "frivolous and nonsensical", offers no supporting case law, statutory law or regulatory law to support this assertion. Said letter also requests an award of counsel fees; that respondent's answer be stricken and it be barred from presenting any evidence for failure to provide discovery; and, that petitioners be permitted to present their entire case. This too without offering any case law, statutory law or regulatory law to support these requests. Said letter, while stating respondent failed to provide discovery, offers no proof of same other than the argument of counsel. I cannot consider the letter submitted in opposition to the motion in limine and must **DENY** the relief requested therein, with the exception that petitioners will be permitted to present their case, as limited by the decision on the motion in limine below.

Having permitted the filing of an amended due process petition it would be fundamentally unfair to not permit petitioners to present their case based upon said amended due process petition. See N.J.A.C. 1:1-15.1(b).

However, I am convinced that the "snapshot" rule should apply as to the initial IEP determination. I am further convinced that the "snapshot" rule shall not apply as to those claims in the amended due process petition that pertain to events that occurred after the initial IEP determination.

For the foregoing reasons, I **CONCLUDE** that respondent's motion should be **GRANTED** in part and **DENIED** in part. I also **CONCLUDE** that petitioner's request, as outlined in the responsive letter to respondent's motion, dated April 4, 2018, seeking the striking of respondent's Answer; barring all evidence from respondent; and, counsel fees should be **DENIED**.

## ORDER

Respondent's motion in limine is **GRANTED** as follows: all evidence presented by petitioner that was obtained after the date of the IEP shall not be considered for purposes of determining if respondent complied with the IDEA in developing the IEP.

Respondent's motion in limine is **DENIED** as follows: Petitioner shall be permitted to submit evidence dated after the date of the IEP for the purposes of demonstrating that the District failed to comply with the IDEA after the date of the IEP.

Respondent's request in the cross petition to limit the scope of the hearing to whether J.H. meets the eligibility criteria to be eligible for special education and related services under the classification Specific Learning Disability, as defined in N.J.A.C. 6A:14-3.5(c)(12) is **DENIED**.

5

OAL DKT. NOS. EDS 10706-17

Petitioner's request, as outlined in the responsive letter to respondent's motion, dated April 4, 2018, seeking the striking of respondent's Answer; barring all evidence from respondent; and, counsel fees is **DENIED**.

April 20, 2018
DATE

THOMAS R. BETANCOURT, ALJ

6

## APPENDIX

## List of Moving Papers

For Petitioner:

Brief in support of petitioners' right to have all issues heard at the hearing and in opposition to the relief requested by respondent in its cross petition to limit the scope of the hearing

Letter in opposition to motion in limine

Audio recording of IEP meeting held May 16, 2017

For Respondent:

Brief in support of relief requested in cross petition for due process

Brief in support of motion in limine

Reply brief to petitioner's letter in opposition to motion in limine

Pleadings:

Due process petition filed with OSEP on June 5, 2017

Amended due process petition filed with the OAL on October 23, 2017

Answer to amended due process petition filed with the OAL on November 28, 2017

Cross petition for due process filed with the OAL on February 13, 2018

Answer to cross petition for due process filed with the OAL on February 24, 2018

7