**Julie Warshaw, Esq. Bar ID. 027931993**
266 King George Road, Suite C2, Warren, New Jersey 07059
**Jamie Epstein, Esq. - Bar ID. 008081990**
17 Fleetwood Drive, Hamilton, New Jersey 08690
Attorneys for: Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| F.H., *et al*., | Civil Action No. 19-14465 (SDW) |
| Plaintiffs, | (LDW) |
| v. | |
| WEST MORRIS REGIONAL HIGH SCHOOL BOARD OF EDUCATION and NEW JERSEY DEPARTMENT OF EDUCATION and its COMMISSIONER, ANGELICA ALLEN-MCMILLAN (in her official and individual capacity) | |
| Defendants | **BRIEF IN SUPPORT OF ORDER TO SHOW CAUSE** |

In this matter, Plaintiffs seek to enforce this Court's (over 4 months old) Order to provide Plaintiffs with a remanded final decision. In order for Plaintiffs to proceed they need to be permitted to add the New Jersey Department of Education and its Commissioner as parties. The State of New Jersey and its Commissioner are ultimately responsible for compliance with the IDEA[1]. This includes the IDEA requirement that final decisions be issued in 45 days. Accordingly, to enable this Court to be able to

---

[1] *Kruelle v. New Castle County School District*, 642 F.2d 687, 696 (3d Cir. 1981); *H.E. v. Walter D. Palmer Leadership Learning Partners Charter Sch.*, 220 F. Supp. 3D 574, 585 (EDPA 2016); *Charlene R. v. Solomon Charter School*, 63 F. Supp. 3D 510, 514 (E.D. Pa. 2014)("an SEA may be held responsible if it fails to comply with its duty to assure that IDEA's substantive requirements are implemented." )

1

enforce its Order this Court must allow the amendment of the complaint.

## Factual and Procedural History

Plaintiffs shall rely on the Factual and Procedural History of this Court's 12/8/20

Opinion.

J.H. was born in January 2001 to her parents F.H. and M.H, and resided in Long Valley, New Jersey during the relevant period at issue. (ALJ Op. at 15; D.E. 29-3 ¶ 2.) She completed eighth grade at Long Valley Middle School as a general education student before attending West Morris Central High School ("WM Central"). (ALJ Op. at 15.) J.H. completed her freshman year at WM Central as a general education student during the 2015-2016 school year. (*Id.*) In Fall 2016, she began to experience depression and anxiety, which prompted her attendance at Immediate Care Children's Psychiatric Center ("ICCPC"), a therapeutic day program, from October to December 2016. (ALJ Op. at 15; D.E. 29-3 ¶¶ 5, 13; D.E. 13-19 at 39.) J.H. was medically cleared to return to WM Central in December 2016 with an approved Accommodation Plan pursuant to Section 504 of the Rehabilitation Act. (ALJ Op. at 15; D.E. 29-3 ¶ 7.) After a few days, however, J.H. could no longer attend WM Central because of anxiety and reverted to home instruction for the remainder of the 2016-2017 academic year. (D.E. 29-3 ¶¶ 8-9.)

In January 2017, J.H. was referred to a CST to evaluate whether she was eligible for special education and related services under the IDEA. (ALJ Op. at 15; D.E. 29-3 ¶ 11.) Plaintiffs attended the January 9, 2017 evaluation meeting and consented to psychological and social assessments. (ALJ Op. At 15; *see* D.E. 29-3 ¶ 16.) The District accepted a March 15, 2017 psychiatric assessment from Dr. Shankar Srinivasan, an ICCPC psychiatrist, which recommended an out of district placement. (*See* ALJ Op. at 15; D.E. 29-3 ¶ 17 (citing D.E. 13-18 at 89).) Dr. Sherry Wilk also conducted a psychological evaluation on the District's behalf on January 19, 2017. (D.E. 29-3 ¶ 25 (citing D.E. 13-18 at 76).) Plaintiffs contend that because J.H. received therapeutic services outside the school setting, she was not in need of a therapeutic school environment. (D.E. 29-3 ¶ 14.)

IEP Development: An IEP meeting was held on April 6, 2017, in which the District determined that J.H. was eligible for special education and related services under the "Emotionally Disturbed" criteria, and Plaintiffs signed the

corresponding Eligibility Determination Report reflecting this classification. (ALJ Op. at 15-16; D.E. 13-18 at 18.) Plaintiffs contend they consented to J.H.'s eligibility for special education and related services, but dispute that they agreed to the "Emotionally Disturbed" classification. (D.E. 29-3 ¶ 21.) Plaintiffs did not agree to implement the April 6, 2017 IEP ("April IEP") (ALJ Op. at 16), which recommended J.H.'s placement in the "Behavioral Supports Program"—also referred to as the "BSP"—at West Morris Mendham High School ("WM Mendham"). (*See* D.E. 13-18 at 19-40.)

A second IEP meeting was held on May 16, 2017. (ALJ Op. at 16; D.E. 29-3 ¶ 37.) Again, the District proposed an IEP ("May IEP") that placed J.H. in the "Behavioral Supports Program" or "BSP" at WM Mendham. (ALJ Op. at 16; D.E. 29-3 ¶ 37; *see* D.E. 13-18 at 19-62.) Although both proposed IEPs referenced the "Behavioral Supports Program" or "BSP," the ALJ determined that the CST proposed the "Being Successful Program" located at WM Mendham, which he found to address distinctly different needs than the "Behavioral Supports Program" at WM Central. (ALJ Op. at 16.) Plaintiffs contend that the April and May IEPs did not reflect their input or suggestions, and were identical, except that a different case manager's name appeared on the May IEP. (D.E. 29-3 ¶¶ 31-32, 37.) Plaintiffs insist that J.H. was placed in the "Behavioral Supports Program" and that it did not meet J.H.'s needs because she never exhibited behavioral issues. (D.E. 29-3 ¶¶ 22, 33, 42.) In addition, Plaintiffs purportedly voiced concerns about how or whether academic instruction within the BSP could be modified for upper-level courses. (ALJ Op. at 6.)

Additional Assessments: On May 22, 2017, Plaintiffs requested independent psychiatric, psychological, and educational assessments for J.H. (*Id.* at 16.) Dr. Schuberth conducted a psychoeducational evaluation of J.H. in July and August of 2017. (*Id.*; D.E. 29-3 ¶¶ 54-56.) Dr. Schuberth's August 21, 2017 report reflects J.H.'s diagnosis of major depressive disorder, generalized anxiety disorder, and a specific learning disorder with impairment in mathematics. (ALJ Op. at 16; D.E. 29-3 ¶¶ 55-56 (citing D.E. 13-18 at 94-97, D.E. 13-19 at 1-19).) However, Dr. Schuberth did not find that J.H. met the criteria for a specific learning disability. (ALJ Op. at 16.) An independent psychiatric evaluation of J.H. was conducted by Dr. Ellen M. Platt, and her report is dated September 6, 2017. (*Id.* at 10, 17; D.E 13-19 at 22-35.) Similarly, Dr. Platt did not determine whether J.H. fit the criteria for a specific learning disability; however, she diagnosed her with major depressive disorder, generalized anxiety disorder, panic disorder, school avoidance, specific learning disorder, central auditory processing disorder and agoraphobia. (ALJ Op. at 17.) J.H.'s IEP was never amended or updated following Dr. Schuberth or Dr. Platt's independent assessments. (D.E. 29-3 ¶ 62;

*see generally* D.E. 13 through D.E. 13-27.)

Unilateral Placement: Plaintiffs submitted a tuition payment to the Purnell School ("Purnell") on August 31, 2017, and J.H. began instruction at Purnell on September 11, 2017. (ALJ Op. at 17; D.E. 29-3 ¶ 72.) The ALJ concluded that J.H. was removed on August 31, 2017, the date of her enrollment at Purnell. (ALJ Op. at 17.) Moreover, because the ALJ found that Plaintiffs notified the District of J.H.'s placement after September 11, 2017, he concluded that Plaintiffs failed to provide 10-days' notice pursuant to 20 U.S.C. § 1412(a)(10)(C)(iii). (*Id.*) Plaintiffs heavily dispute both the date the District was notified of their intent to unilaterally place J.H. at Purnell, and the date of J.H.'s removal. (*See* D.E. 29-3 ¶¶ 65-72, 144.) In sum, Plaintiffs argue that both they and counsel reached out to the District prior to August 31, 2017, regarding J.H.'s placement for the upcoming school year, and that J.H. was removed to Purnell on the date of her attendance. (*See id.*)

Administrative Proceedings: Shortly after Plaintiffs' May 22, 2017 request for independent assessments, Plaintiffs filed their initial due process petition with the Office of Special Education Programs ("OSEP") on June 5, 2017, and an amended petition with the New Jersey Office of Administrative Law on October 23, 2017. (ALJ Op. at 3.) The parties requested an adjournment to partake in mediation, which took place on July 27, 2017. (D.E. 29-3 ¶ 52 (citing D.E. 13-1).) A due process hearing occurred on April 9, 2018, April 23, 2018, July 25, 2018, and August 29, 2018. (ALJ Op. at 4.) Post-hearing briefs were submitted to the ALJ by both parties and the Final Decision was rendered on February 13, 2019. (*See id.*)

Plaintiffs appealed the ALJ's Final Decision to the Superior Court of New Jersey, Law Division, Morris County, on May 11, 2019. (D.E. 1.) The District removed the state action to this Court on June 27, 2019. (*Id.*) An Answer from the District followed, and the Court denied Plaintiffs' motion to remand to the state court. (D.E. 4, 6, 12.) After a settlement conference on May 7, 2020, Plaintiffs filed the instant motion for Summary Judgment based on the administrative record. (D.E. 29.) The District filed an opposition and Plaintiffs submitted a reply. (D.E. 32, 33.)

*F.H. v. W. Morris Reg'l High Sch. Bd. of Educ.*, 2020 U.S. Dist. LEXIS 230053, *3-10,

2020 WL 7223600

On 12/8/20, this Court entered a Order [37] remanding this matter to ALJ

Betencourt as mandated in this Court's 12/8/20 Opinion [36]. (Cert ¶1)  On 12/9/20,

Plaintiffs filed a Notice of Remand Letter [38] with ALJ Betancourt c/o the New Jersey

Office of Administrative Law attaching this Court's Order [37] and Opinion [36]. (Cert

¶2)  On 12/14/20, Plaintiffs filed a cover letter with a copy of the New Jersey

Department of Education's administrative record with ALJ Betancourt c/o the New

Jersey Office of Administrative Law. (APX 1) (Cert ¶3)

On 4/7/21, Plaintiffs wrote ALJ Betancourt and reminded him his compliance

with this Court's mandate was overdue [39-2]. (Cert ¶4)  ALJ Betancourt did not

respond. (Cert ¶5)  On 4/12/21, Plaintiffs submitted a letter [39-1] noticing Defendant,

New Jersey Department Of Education Commissioner, Angelica Allen-Mcmillan that her

compliance with this Court's mandate was overdue (attaching said 4/7/21 Letter to ALJ

Betancourt). (Cert ¶6)  Commissioner, Angelica Allen-Mcmillan did not respond. (Cert

¶7)

## ARGUMENT

This Court has enunciated the legal standard to amend a complaint on dozens of

occasions, for example;

> Federal Rule of Civil Procedure 15(a) provides that leave to amend a
> pleading "shall be freely given when justice so requires." *Fed. R. Civ. P.* 15(a).
> The decision to grant or deny leave to amend a pleading is within the discretion of
> the court. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).
> Rule 15(d) governs when a Plaintiff seeks to incorporate claims that occurred after
> the initial filing of the complaint. Rule 15(d) states, "upon motion of a party the
> court may, upon reasonable notice and upon such terms as are just, permit the
> party to serve a supplemental pleading setting forth transactions or occurrences or

5

events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense." *Fed. R. Civ. P.* 15(d). Thus, under Rule 15(d), "a party may supplement the original pleading to include subsequent occurrences which are related to the claim presented in the original complaint, absent prejudice to the nonmoving party." *Albrecht v. The Long Island Railroad,* 134 F.R.D. 40, 41 (E.D.N.Y. 1991).

Rules 15(a) and (d) require that "in the absence of any apparent or declared reason - - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.- - the leave sought should, as the rules require, be freely given." *Foman,* 371 U.S. at 182 (citation omitted); *See Grayson v. Mayview State Hospital,* 293 F.3d 103, 108 (3d Cir. 2002) ("amendment must be permitted. . . unless it would be inequitable or futile").

Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997). In assessing futility, the court applies the same standard of legal sufficiency as it applies under *Fed. R. Civ. P.* 12(b)(6). *See Shane v. Fauver,* 213 F.3d 113, 115 (3d Cir. 2000). Accordingly, if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency. *See id.*

On a motion to dismiss pursuant to Rule 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir. 1994). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984). While a court will accept well-plead allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See Miree v. DeKalb County, Ga.,* 433 U.S. 25, 27 n. 2, 53 L. Ed. 2d 557, 97 S. Ct. 2490 (1977). Moreover, the claimant must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. *See Fed. R. Civ. P.* 8(a)(2); *Conley v. Gibson,* 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).

6

*Kounelis v. Sherrer*, 396 F. Supp. 2D 525, 529-530 (NJ Dist Ct 2005)

On 12/8/20, this Court entered Order and Decision remanding the ALJ's Order to issue a remand decision on Plaintiffs' petition in conformance with this Court's 12/8/20 Opinion.  Plaintiffs' Petition was originally filed with Defendant New Jersey Department of Education (NJDOE).  NJDOE then transmitted the Petition to NJOAL for adjudication.  NJDOE as a participant in IDEA as a recipient of federal funds on behalf of the State of New Jersey is required to comply with IDEA statutes and regulations. *C.P. v. N.J. Dep't of Educ.,* 2020 U.S. Dist. LEXIS 90150, *9-10, 2020 WL 2611572 ("34 *C.F.R.* § 300.515(a) (states receiving federal funding "must ensure that not later than 45 days after the expiration of the 30 day period under § 300.510(b) . . . (1) A final decision is reached in the hearing; and (2) A copy of the decision is mailed to each of the parties."). New Jersey's Administrative Code contains a similar requirement. *N.J.A.C.* 6A:14-2.7(j) ("[a] final decision shall be rendered by the administrative law judge not later than 45 calendar days after the conclusion of the resolution period[.]").  Under IDEA, NJDOE is responsible to ensure Plaintiffs' received a final decision on their Petition in 45 days after transmittal.  34 *C.F.R.* § 300.515; *N.J.A.C.* 6A:14-2.7;  *J.A. v. Monroe Twp. Bd. of Educ.*, 2019 U.S. Dist. LEXIS 67507, *13-14, 2019 WL 1760583; *see also, C.P., supra.* (Defendants NJDOE and its Commissioner Allen-McMillan are also Defendants in those two class actions for New Jersey's system wide failure to

7

ensure IDEA decisions are rendered within 45 days)

Under IDEA, NJDOE is responsible to ensure Plaintiffs' received a final decision on their Petition in 45 days after transmittal by this Court via remand on 12/8/20. Unlike a normal petition which requires pre-trial and trial proceedings after transmittal from NJDOE – this matter was completed and only required the revision of the final decision after remand from this Court.  NJDOE failure to comply with this Court's remand is particularly egregious and inexcusable. NJDOE violated this Court's 12/8/20 Order by failing to ensure NJOAL provided Plaintiffs with a final decision within 45 days of this Court's remand order.  It has been 183 days since this Court ordered a new decision be entered consistent with this Court's Opinion.  NJDOE has been in violation of this Court's Order for 138 days. It is Defendant NJDOE and its Commissioner Allen-McMillan who are in violation of this Courts' Order and they are the responsible parties to seek compliance with this Court's Order.  Accordingly,  Defendants NJDOE and its Commissioner Allen-McMillan are necessary and indispensable parties to this action to enable this Court to enforce its own Orders. Rule 19(a)(1)(A), *Rosenzweig v. Brunswick Corp.*, 2008 U.S. Dist. LEXIS 63655, *20, 2008 WL 3895485 (Wigenton, J.)

This Court's 12/8/20 Order was an interlocutory order not a final order.  *L. W. v. Jersey City Bd. of Educ.,* 824 Fed. Appx. 108, 110, 2020 U.S. App. LEXIS 26342, *3, 2020 WL 4814038 ("We have explained the "general principle" that "orders remanding cases to administrative agencies are not final and appealable." *Papotto v. Hartford Life*

*& Accident Ins. Co.*, 731 F.3d 265, 270 (3d Cir. 2013) (quoting *Brotherhood of*

*Maintenance of Way Employees v. Conrail*, 864 F.2d 283, 285 (3d Cir. 1988)).")

*C.W. v. Denver County Sch. Dist. No. 1*, 2021 U.S. App. LEXIS 11431, *6 (CA10

4/20/21) ("Courts of appeal have routinely applied the administrative remand rule when

district courts have remanded IDEA cases to state ALJs. *E.g.*, *Avaras ex. rel. A.A.*

*v.Clarkstown Cent. Sch. Dist.*, 752 F. App'x 60, 62-63 (2d Cir. 2018); *L.W. v. Jersey City*

*Bd. of Educ.*, 824 F. App'x 108, 110-11 (3d Cir. 2020); *Shapiro v. Paradise Valley*

*Unified Sch. Dist. No. 69*, 152 F.3d 1159, 1160-61 (9th Cir. 1998).")

## CONCLUSION

Plaintiffs may exercise their right to return to this Court and seek the enforcement

of this Court's 12/8/20 Order.  To accomplish this, Plaintiffs must be given leave to

amend their complaint and add those Defendants responsible for compliance with this

Court's Order.  Those Defendants are the New Jersey Department Of Education and its

Commissioner, Angelica Allen-McMillan.

Respectfully submitted,

JAMIE EPSTEIN

Warshaw Law Firm, LLC
Co-Counsel for Plaintiff

By: _____
Julie Warshaw, Esq.

9

JAMIE EPSTEIN